Avert, J.
In the first five counts of the declaration, it is the aim of the pleader so to shape his case that he may present a legal right to recover against the defendant, without proving the strict *4 notice and demand required against the indorser of negotiable paper. Numerous authorities have been cited by the counsel, to boar upon the case, in this aspect of it, and to show the duties and liabilities arising under a guaranty. But, by the interpretation which the court have put upon this instrument, the questions thus agitated by the counsel, do not call for a decision. We regard the defendant, Sweetzer, as an original contractor. The paper was executed by himself and Martin, both at the same time, Martin signing first, and Sweetzer connecting with his signature, just enough to show that he contracted as a surety. Indeed, he is liable in this case, precisely as he would have been, if he had barely written the word “surety” after his name, and an action could be sustained, upon the paper, against Martin and Sweetzer jointly, as well as against either of them separately. In this view, the only question involved was decided by this court, in the ease of Stage v. Olds et al., 12 Ohio, 158.
To the last count of the declaration, the only exception taken is that it contains no evidence of a sufficient consideration. Here, the instrument itself expresses the consideration, as is common in notes of hand, by the words “for value received;” and, if a count setting forth the consideration, as *it is found in the written promise, would be sufficient in a suit against Martin, it will be also against the defendant, Sweetzer. The decision and reasoning of the court, in the case of Dugan v. Campbell, 1 Ohio, 115, will support the form of declaring adopted in this count. Upon this count, therefore, the plaintiff is entitled to a judgment; and under the decision that here is an original contract, on the part of .Sweetzer, and that a sufficient consideration is expressed in the instrument, all the other counts in the declaration may be sustained, for they are based upon the contract, and contain all the material averments to be found in the last count, besides those special allegations meant to raise the questions under a guaranty, and which may be stricken out, or treated as' surplusage.
The demurrer, therefore, is not well taken to either of the counts, and will be overruled.