## JOSEPH HANNUM v. ISAAC NORRIS.

1. REPLEVIN; *Writ Issued Without Undertaking Filed, and Property is Seized, Liability of Justice.* Where a justice of the peace issues a writ to replevin the property of a defendant before any undertaking has been executed or filed in his office, and under such writ the constable seizes the defendant's property mentioned in the writ, and takes it from him, *held,* that the justice makes himself liable to said defendant by so issuing said writ prior to the execution or filing of such undertaking (Gen. Stat. 791, sec. 70), and that an action accrues in favor of such defendant, and against the justice, just as soon as the constable seizes the defendant's property.

2. UNDERTAKING, *Afterward Filed, and Money Deposited, Liability of Justice.* And further *held,* that, although the plaintiff in the action of replevin may afterward appear before the justice and deposit with the justice a sufficient amount of money to secure the defendant, and may afterward execute and file with the justice a sufficient undertaking, and the defendant may afterward make a special appearance in the replevin case to contest the jurisdiction of the justice, and may afterward appeal the case to the district court, still the justice will remain liable to the defendant in damages for all injuries sustained by the defendant by reason of the wrongful issue of said writ.

*Error from Nemaha District Court.*

ACTION brought by *Norris*, against *Hannum*, a justice of the peace, for damages alleged to have been sustained by reason of the wrongful issue of a summons and writ of replevin. Trial at June Term, 1877, of the district court. Judgment for plaintiff. *Hannum* brings the case here.

*J. E. Taylor*, for plaintiff in error, contended that Norris could not have been in any way damaged, because money had been deposited as security in double the value of the property seized; that at and before the trial a sufficient bond had been executed and filed; and, moreover, that the justice is not liable unless it be shown that he acted corruptly—citing, 5 Johns. (N. Y.) 287; 14 Iowa, 511; 6 Kas. 440; 21 U. S. Digest, 14, and cases there cited. Counsel contended further, that the justice had the power to order a new bond to be given before the trial; that this bond would take effect as of the date of the old bond, even though the old bond was absolutely void —citing, Drake on Attachments, p. 150, and 13 Iowa, 136; and that the giving of a bond is not essential to jurisdiction — citing, 19 Ohio St. 196.

*Simon Conwell*, for defendant in error:

A justice of the peace cannot acquire jurisdiction in replevin, until an affidavit and an undertaking have been executed, as provided for in § 57 of the replevin act. He has no judicial discretion in this matter, but must comply with the requirements of the statute in this respect; otherwise, he becomes liable to the penalties prescribed in § 70 of said act.

No bond was filed before the writ was issued; for what counsel for plaintiff in error calls a bond was in fact no bond, since it had no signature thereto. Here, there was nothing to amend. (*Shamokin Bank v. Street*, 16 Ohio St. 9.)

The deposit of money as security, not being provided for by the statute, availed nothing as security to the defendant.

Justices' courts being courts of limited jurisdiction, in a

case like the present one the jurisdiction in the appellate court is derived from the jurisdiction of the inferior court. If the inferior court had no jurisdiction, the appellate court cannot acquire it by the appeal. (*Nichols v. Patterson,* 4 Ohio, 204.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Isaac Norris against Joseph Hannum, a justice of the peace, for damages alleged to have been sustained by reason of the wrongful issue of a summons and writ of replevin.

In a justice's court in this state, the summons and the writ of replevin in an action of replevin are substantially one and the same writ. Both are issued at the same time and on the same piece of paper — the summons portion coming first, and the order to seize the property coming afterward, as an *addendum* to the summons. (Justice's Code, § 58.) This writ of summons and replevin is not issued until a certain affidavit and a certain undertaking are executed and filed with the justice. (See said § 58.) Section 57 of the justice's code also provides, that "the justice shall not issue a summons" in replevin "until there has been executed in his office" the undertaking above mentioned. (Gen. Stat. 788.) And section 70 of said code provides, that "if any justice shall issue a writ to replevin property as is provided by this act, without the affidavit *and undertaking* being executed and filed in his office as is provided in this article, the same shall be set aside at his costs, *and he shall be liable in damages to the party injured.*" (Gen. Stat. 791.)

The justice in the present case, however, did not observe these rules, but issued "a writ to replevin" the property of Norris without any undertaking having been first executed or filed in his office. Under the writ so issued, the constable seized and took into his possession the property mentioned in the writ, to wit, "one iron-gray mare," and thereby deprived Norris of the possession and use thereof, to his injury. The property belonged to Norris. Now, under said statutes, we

think that Hannum, the justice, became liable to Norris just as soon as the constable seized said property. Hannum committed the wrong when he issued the writ, and Norris was injured when his property was seized and taken from him by the constable. Therefore, Norris's cause of action against Hannum accrued simultaneously with the seizure of Norris's property by the constable. What the measure of Norris's damages might be, would, of course, depend upon the subsequent circumstances. If the property had been immediately returned to Norris, and if the replevin proceedings had been immediately set aside at the cost of the plaintiff in replevin, or at the cost of the justice, then Norris's damages would have been merely nominal. But if Norris lost his mare entirely, as was the fact in this case, and lost her, not by the final judicial determination of any court of competent jurisdiction, as was also the fact, then the measure of his damages would be at least the value of the mare. For the purposes of this case, we shall consider said writ of summons and replevin as perfect in every respect, except that it was issued before any undertaking was executed or filed with the justice; but such was not the case, however. It was dated and issued only *two days* before the time fixed for the defendant to appear for trial.

The defendant in the present case, Hannum, set forth in the second defense of his answer, that after said writ of summons and replevin was issued, and before trial or judgment, the plaintiff in replevin deposited with the justice a sufficient amount of money to secure Norris, and afterward executed and filed with the justice a sufficient undertaking. As to depositing money in lieu of an undertaking, see *Shamokin Bank v. Street*, 16 Ohio St. 1, 9, 10. He also, in said second defense, speaks of an appearance in said replevin suit, by Norris, as follows: "That at the time of the said trial and the appearance of said Norris before said justice," etc.; and, "that after the appearance of said plaintiff and defendant in said replevin suit," etc. Now, he does not tell us in said second defense, or elsewhere, what kind of an appearance

Norris made in the replevin suit. Norris's counsel in this court, however, says that it was a special appearance to contest the jurisdiction of the justice, and as nothing appears to the contrary, we shall now construe it to have been such. But would it make any difference whether it was such an appearance or a general appearance? The defendant also tells us in said second defense that Norris appealed said replevin suit to the district court.

The court below sustained a demurrer to said second defense, on the ground that it did not state facts sufficient to constitute a defense, and it seems to us that the ruling of the court below was correct. The defendant did not allege that the property belonged to the plaintiff in replevin, or that it was given to him in the replevin action by the judgment of the district court, or by the final determination of any court, or that it was ever returned to Norris, or that Norris ever received any compensation therefor, or that settlement of the matters connected with the replevin of said property had ever taken place. Indeed, he did not allege anything that would be a complete defense to the plaintiff's action, nor anything, even, that would be taken or received in mitigation of damages.

The trial in the court below was on the issues raised by the plaintiff's petition and the defendant's general denial. What was proved or what was disproved we cannot tell, as the evidence has not been brought to this court. As the finding, however, was in favor of the plaintiff and against the defendant, we must presume that all the allegations of the plaintiff's petition were proved. The judgment was rendered in favor of the plaintiff below, and against the defendant, for $80 and costs, and there is nothing in the record showing the judgment to be erroneous, and therefore it will be affirmed.

All the Justices concurring.