a point where he could have seen and heard the approaching train so as to have avoided the collision.

White was absolute master of his movements; there was no impending danger confronting him, and his horses were entirely under his control, and he voluntarily placed himself in the position where the collision occurred; in doing this he was clearly negligent.  It matters not whether the railway company did not ring a bell or was running at a higher rate of speed than twenty miles an hour—which is the usual rate of speed of trains at that point—it is clear that the negligence of the tea company was the cause of the accident, and not the negligence of the railway company.

The evidence does not support the verdict and judgment.

The case, we think, is governed by the decision of our Supreme Court.  Law Bull. (December 14, 1903), 958.

Judgment reversed and cause remanded for further trial.

*Hollister & Hollister* and *W. A. DeCamp,* for plaintiff in error.

*Moulinier, Bettman & Hunt, Maxwell & Ramsey* and *John R. Schindel,* for defendants in error.

---

### DESCENT OF REAL PROPERTY.

[Circuit Court of Cuyahoga County.]

GEORGE C. OSSMAN ET AL v. MARIA G. SCHMITZ ET AL.

Decided, February 16, 1903.

*Deed—Recital of Valuable Consideration—Presumption as to—Brothers and Sisters—Presumption as to Full Blood and Legitimacy.*

1. Title comes by purchase and not by gift where the consideration expressed in the deed is a valuable one, and the line of descent can not be changed by showing by parol that the deed was in fact a gift.
2. The presumption as to brothers and sisters is that they are brothers and sisters of the full blood and legitimate.

WINCH, J.; MARVIN, J., and HALE, J., concur.

Error to the court of common pleas.

April 3, 1875, Christian Ossman was the owner of certain real estate in the city of Cleveland, which, on said day, he conveyed by warranty deed to one Herman Stuhr. The consideration in the deed was recited to be $10,000. On the same day said Herman Stuhr conveyed said premises to Christina Ossman, wife of Christian Ossman, by quit-claim deed, in which the consideration was recited to be two dollars. Both deeds were in the ordinary forms, and were duly recorded on the same day. Christina Ossman died intestate and without issue, leaving no husband surviving her, in September, 1896, seized of the premises in question.

Defendants in error and certain cross-petitioners claim title to the property, under the third paragraph of Section 4159, Revised Statutes, as the brothers and sisters of Christina Ossman of the whole blood and their legal representatives.

Plaintiffs in error at the trial in the court below claimed and offered to prove that the two deeds above referred to, although they recited money considerations, were in fact deeds of gift; that by them it was clearly the intent and purpose of the husband to make a gift to his wife, and that he took this means of presenting her with the property, being advised thereto by counsel; that the wife died intestate and without issue, possessed of this property which came to her from a former husband by deed of gift, and that it therefore descends under Section 4162, Revised Statutes, she leaving no children or their representatives, one-half to the brothers and sisters of the wife (the defendants in error), and one-half to the brothers and sisters of the husband (the plaintiffs in error).

The trial judge excluded evidence tending to show that the deeds referred to were in fact without consideration, although they recited it, and were intended as a gift from the husband to the wife. In this we think there was no error.

"Where the consideration expressed in a deed of conveyance is a valuable one, the title comes by purchase, and it is not competent to show by parol that in fact the title came by deed of gift, and thereby change the line of descent." *Groves* v. *Groves*, 65 Ohio St., 442.

Defendants in error, to prove their descent and that they were the brothers and sisters of Christina Ossman, of the whole blood,

and their legal representatives, took certain depositions in Germany, and error is alleged in overruling certain exceptions to these depositions.

It appears that written exceptions specifying the grounds of objection were filed on September 20, 1900, and on motion of the defendants were heard and overruled on October 16, 1901, by the common pleas judge sitting in room No. 1. To this ruling defendants excepted, but took no bill of exceptions. What facts were before the court at that time do not appear. It is true, an envelope said to have contained the depositions is attached to the final bill of exceptions, but there is no evidence to show that said envelope was before the judge who ruled on the exceptions. We can not, therefore, say that any error was committed in overruling said exceptions. *Shamokin Bank* v. *Street,* 16 Ohio St., 1.

When the case finally came on for trial in March, 1902, defendants again excepted to the depositions, but said exceptions were overruled and properly, we think. The matter was *res adjudicata.*

Plaintiff in error further claims that the evidence does not show that defendants in error are the legitimate heirs of the full blood of Christina Ossman. The testimony is to the effect that they are brothers and sisters of Christina Ossman and their legal representatives, and in the absence of any proof to the contrary, we think the fair presumption to be that the brothers and sisters were of the full blood and legitimate.

Judgment affirmed.

*Popleton, Billman & Billman,* for plaintiffs in error.

*Beavis & Johnson* and *Kline, Carr, Tolles & Goff,* for defendants in error.