## CURING OF DEFECT IN AN APPEAL BOND.

Court of Appeals for Meigs County.

HENRY SHIRES v. LYDIA FESLER AND ROBERT FESLER.

Decided, December 12, 1914.

*Appeal—Defective Bond for—May beMade the Basis of a New or Amended Bond—Giving of an Appeal Bond Constitutes a Proceeding Which May be Amended—Sections 12232 and 11363.*

Where steps have been taken by a party to give an appeal bond which is in proper form in every respect except that the same is signed by a party and not by a surety, and where such bond has been approved by the clerk, the court has authority to permit its amendment or renewal.

*R. J. Mauck* and *Ervin & Crow*, for plaintiff.
*Joy H. Hunt* and *A. D. Russell*, contra.

Appeal from the Court of Common Pleas of Meigs County.

Plaintiff filed his motion to dismiss the appeal upon the ground that the defendants filed no appeal bond as required by law.

The defendant, Lydia Fesler, also files her motion in this court for leave to amend the appeal bond filed in this action, or for permission to give a new one to be approved by the clerk, and in connection with her motion makes profert of an appeal bond in proper form and with sureties approved by the clerk. The first bond was in proper form and was signed by Lydia Fesler, one of the defendants, but was not signed by any surety. It was, however, approved by the clerk.

JONES, THOMAS A., J.; WALTERS, J., and SAYRE, J., concur.

The sole question is whether this bond can form a basis for a new or amended bond; or whether this court has jurisdiction to permit an amendment or to require a new appeal bond.

Section 12226 provides that the appellant, "shall give an undertaking, with sufficient surety, to be approved by the clerk of the court," etc.

Section 12232, General Code, as amended (103 O. L., 429), provides that:

"When a surety in an appeal bond has removed from the state, or is not sufficient, or in form or amount the bond is insufficient, on motion, the court of appeals may order its change or renewal or that a new one be given with security, to be approved by the court, or its clerk."

Inasmuch as strict compliance was not had with this section, by the failure to have a surety sign the bond, it is claimed that the foregoing section having dealt particularly with the subject, we are confined to this section in the determination of our jurisdiction to allow the change or renewal of the bond.

In view of the decisions of our courts, we do not agree with that insistence.

It has been repeatedly decided that steps taken in giving an appeal bond constitute a "proceeding," and that as such it is amenable to Section 11363, General Code, permitting its amendment. *Negley* v. *Jeffers,* 28 O. S., 90; *Johnson* v. *Johnson, Excr.,* 31 O. S., 131; *Irwin et al* v. *Bank,* 6 O. S., 81; *Ireland* v. *Ireland,* 11 C. C., 565.

Section 11363, General Code, provides that *in furtherance* of justice, before or after judgment, the court may amend any "proceeding" by adding or striking out the name of any party or by correcting a mistake in the name of a party or a *"mistake in any other respect."*

It is not the appeal bond, but "the steps taken by filing an appeal bond," that constitute the proceeding. *Irwin et al* v. *Bank, supra.*

The mistake occurring in the steps so taken may therefore be subject to amendment.

Our courts have exercised great liberality in construing these remedial statutes, and especially in permitting amendments of appeal bonds, in furtherance of justice.

In the case of *Bank* v. *Street,* 16 O. S., 1, there was not even an attempt to give an appeal bond. Here the bond was perfect in every respect, except a party signed it instead of a surety.

The party attempted to file a proper bond and it was approved by the clerk as an undertaking.   It has all the earmarks of an undertaking.

Applying the *dicta* of Welsh, J., in *Bank* v. *Street, supra,* to such a state of facts the court would have undoubtedly held that, where a *bona fide* attempt had been made to give an undertaking, valid in every respect except as to the absence of a surety, there was such a proceeding that could be amended.

The motion to dismiss will be overruled, and the new bond tendered will be permitted to be filed.