## STATE v FOSTER

Ohio Appeals, 4th Dist, Scioto Co

Decided Dec 26, 1936

Emory F. Smith, Prosecuting Attorney, Portsmouth, for plaintiff.

Cyrus P. Kahl, Portsmouth, for defendant.

### OPINION

By BLOSSER, J.

Paul Foster was indicted by a grand jury of Scioto County. The first count of the indictment charged that at the time and place specified the defendant unlawfully operated a certain truck upon a street in a village of said county in a state of intoxication. The other count charged the defendant at the time and place with operating a certain truck while under the influence of alcohol. The defendant demurred to the indictment on the ground that it did not state facts sufficient to constitute an offense under the laws of Ohio. This demurrer was overruled by the trial court. Upon motion of the prosecuting attorney and over the objection of the defendant the indictment was amended by the interlineation of the word motor before the word truck in each count of the indictment. A jury was waived and the case was tried to the court which found the defendant guilty as charged. Motions in arrest of judgment and for a new trial were filed by the defendant and overruled by the court. The defendant thereupon appealed to this court upon questions of law.

The indictment was drawn under favor of 12628-1 GC which provides:

"Whoever operates a motor vehicle of any kind upon any public highway or street while in a state of intoxication or under the influence of alcohol shall be punished," etc.

Under the authority of §13437-29 GC the trial court had full authority to permit the amendment to the indictment. A similar situation was before this court in the case of Breinig v State, affirmed by the Supreme Court in 124 Oh St 39. The defendant was in no way prejudiced or misled by the allegations of the indictment. At the present time in common parlance a truck is a heavy motor vehicle designed and used for hauling heavy or bulky articles. Even without the amendment if the defendant thought the charge against him was vague or indefinite he could have asked the prosecuting attorney for a bill of particulars as provided by §13437-6 GC. State v Whitmore, 126 Oh St 381.

The record presents no prejudicial error and the judgment is affirmed.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.