## STATE v GATES

Ohio Appeals, 2nd Dist, Darke Co

No 540. Decided June 28, 1938

Hugh A. Staley, Prosecuting Attorney, Greenville, for plaintiff-appellee.

Stanley E. Mote, Greenville, and E. M. Dunn, for defendant-appellant.

## OPINION

By HORNBECK, J.

Defendant was indicted, tried, convicted and sentenced for the offense of arson. An appeal on questions of law is prosecuted. Twelve assignments of error are set forth. Not all are argued in the brief.

The assignments of error may be considered and disposed of under a lesser number of headings than twelve. We shall indicate the headings and rulings thereon as we proceed.

Several of the grounds of error may be grouped under the caption: "Claimed errors before the impaneling of the jury." These include the action of the trial judge on a motion to quash the indictment, demurrer thereto and refusal of the court to grant two of the three requests of defendant for a bill of particulars.

The indictment originally charged that on or about June 4, 1936, Darke County, Laura B. Gates, "* * * unlawfully, wilfully, maliciously and with intent to defraud did burn or cause to be burned the house of Laura B. Gates, located in Allen Township, Darke County, Ohio. * *' *." The defendant was brought into court to plead to the indictment and asked to have the entrance of a plea deferred until the indictment could be tested by appropriate procedural measures. Thereafter the court, upon motion of the prosecuting attorney, permitted the indictment to be amended by inserting the word "dwelling" before the word "house" in the indictment, making the indictment to read "did burn or cause to be burned the dwelling house of Laura B.

Gates, etc." To this action of the trial judge objection was interposed and exceptions noted. The defendant, prior to the foregoing amendment had moved to quash the indictment, which motion was overruled after the amendment. Defendant later demurred generally to the indictment, which demurrer was overruled.

The authority of the trial judge to permit amendments to indictments is now very broad under §13437-29 GC. Any addition, deletion or modification in the form of the indictment can be made which does not change the name or identity of the crime charged. If as the indictment stands it charges a named offense, then any amendment in form is permissible under the statute. The offense of arson may be committed by the burning of any dwelling house, kitchen, shop, barn, stable or other outhouse that is parcel thereof or belonging to or adjoining thereto the property of accused or of another. This is such an inclusive list of structures as to incorporate almost any building of a permanent nature. The indictment definitely defines the offense charged _r arson, so that the modification did not change the name of the crime set out and as a house is a subject of arson the indictment charged an offense. Before the trial the defendant was given the benefit of a definite designation of the type of house which she was charged with burning. The amendment was within the letter of our Criminal Code and within its spirit, as translated in State v Whitmore, 126 Oh St 381; Roberts v State, 45 Oh Ap 65.

The motion to quash also asserted that the indictment was indefinite and uncertain, did not specifically set out the offense with which the defendant was charged and that the demurrer that the indictment did not charge an offense. These questions reach the form of the indictment, wherein it is set out that the defendant did burn or cause to be burned a dwelling house, etc.

We find that no prejudice could have resulted to the defendant in the charge that she burned or caused to be burned a certain dwelling house. She could have been tried or convicted either as a principal or as an aider and abettor. There is no distinction in the degree of guilt. It is difficult to make any legal distinction between the act of burning or causing to be burn-

ed under the statute. Certainly the defendant could not have been prejudiced by this charge in the alternative in view of the developments of the facts. From what we have heretofore said it follows that the demurrer was properly overruled. Nor does any prejudice appear in the ruling on the application for a bill of particulars.

It is urged that the court erred in omitting evidence offered by the state and in rejecting evidence offered by the defendant. Maxine Gates was interrogated as to whether or not Dan, her husband, and son of defendant, had any furniture, to which she answered: "Dan never bought no furniture that I know of. He stated to me that he didn't have any furniture." It is objected that the court permitted this answer to be made. The record discloses that on objection the answer was stricken. There is nothing to indicate that the court nor counsel had any premonitory suggestion that the question would be improperly answered by volunteering incompetent testimony. A question similar to the one heretofore quoted was propounded and responsive answer made to which no objection was interposed. However, upon cross examination it developed that the witness was merely stating what Dan Gates had told her. Thereupon counsel for defendant moved the court to strike the testimony which motion was overruled. The development disclosed that the testimony was nothing more than hearsay. The refusal to strike this testimony was clearly erroneous. However, upon a full consideration of the whole record, we are not prepared to say that prejudice resulted to the defendant by the improper admission of this testimony. It was but an isolated statement in a great mass of evidence and though of considerable probative value, its effect does not appear to have been prejudicial as required by §13449-5 GC. Makley v State, 49 Oh Ap 359.

The court permitted the prosecutor to interrogate defendant on cross examination respecting another fire at the place where she was then living prior to the date of the fire which was the subject of the indictment. This testimony was not admissible if it showed or tended to show the commission of prior unconnected offenses. Neither was it admissible touching the credibility of the defendant because it was not tendered in the form of an inquiry as to the conviction of the defendant of any common law criminal offense. **Coble v**

State, 31 Oh St 100. But the gist of this testimony was nothing more than a showing that at one time there had been a fire on the premises where defendant resided. That standing alone could not permit any proper inference that she had burned any property. We therefore are unable to conclude that the mere questioning and answers as developed would require a holding that the defendant was prejudiced. It is to be presumed that the jury accepted this evidence for what it was worth and that it attached no inference to it which could not properly be deduced therefrom. If we interpret the record correctly there was no general objection to the testimony respecting the burning of a barn but as to the evidence of the burning of another building which defendant said was struck by lightning.

The next errors may be grouped under the heading: "Errors Respecting the Charge to the Jury."

Defendant requested certain special charges before argument. In civil cases special charges, if pertinent and properly stating the law are required to be given by the trial judge to a jury before argument, but this requisite has no application to the trial of criminal causes. Miranda v State, 17 Oh Ap 479.

It is further claimed that the court did not incorporate the language of the special charges nor the substance thereof in the general charge. Our attention is not directed to any proposition of law which the general charge offended. An examination thereof fails to disclose any erroneous statement therein which could be found to be prejudicial to defendant's rights. The charge is succinct, carefully and correctly defined the elements of the offense and directed the jury properly as to its prerogatives and conduct in determining and deciding the factual questions presented under the law.

Two instances are cited of conduct and statements by the prosecuting attorney which it is claimed constituted misconduct prejudicial to defendant's cause. It is claimed in the assignments of error but not discussed in defendant's brief that the prosecutor misrepresented the content of certain written statements assigned by the defendant. If this were done, and the record does not definitely support the claim, counsel had full opportunity to insist upon and have correction made from the written statement itself, which was available. The prosecutor in his closing argument to the jury said:

"I wouldn't give a nickel for the buildings of Mr. Myers Orla Clapp or Harry Guitner. I wouldn't give a nickel for them. "

No objection was made to this statement. It was inordinate and no doubt would have been stricken upon objection. It is not, however, of such prejudicial character as would require the trial court on its own motion to interpose to admonish counsel nor to require this court to say that it was definitely prejudicial to the defendant. It does not come within the scope of the leading case in Ohio defining the obligation of a trial judge to interrupt counsel in argument on the court's own motion. Hayes v Smith, 62 Oh St 161.

The final and principal error assigned and urged is that the verdict and judgment are not supported by and are contrary to the manifest weight of the evidence.

The record is voluminous, consisting of more than 700 pages. The case of the state was predicated upon circumstantial evidence, which is as definitely recognized in the law as direct evidence if it reaches to the requisite degree of proof. It is but a restatement of a most familiar principle to say that in the field of fact the jury exercises an exclusive prerogative. It draws the inference and in this case was the trier and determiner of the ultimate effect of the circumstances pointing to the guilt or the innocence of the defendant. It is urged that Glasgow a witness for the state, who gave the most damaging testimony against the defendant, was not worthy of belief. His full reputation was before the jury and it was indeed bad. However, there was corroboration for much of the statements that he made and in all the worthiness and credibility of his testimony was before the jury. If it was of opinion that, under all the facts developed, Glasgow was telling the truth in this case, it had a right to believe what he said. It is probable that the jury gave considerable credence to his narration of occurrences before and after the fire.

This record cannot be read without the conclusion that the jury was warranted in returning the verdict of guilty against the defendant. There were discrepancies in the proof of the state. Certain inferences that appeared in the first instance to be very damaging to the defendant were cleared away but notwithstanding these deficiencies and all that was offered tending to refute the case of the state, enough was left, if be-

lieved, and the jury had the right, to properly convince it that the defendant was guilty as charged.

It is improbable in a case of this character, tried over a period of considerable time, involving many lines of testimony, that no mistake would be made. We may not have discussed all the specific errors argued in the briefs, but we have considered them and are satisfied that none occurred that was prejudicial to the defendant nor that would require the granting of a new trial.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.