**HASSELWORTH, Petitioner, v. ALVIS, Warden, Ohio Penitentiary et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5508. Decided August 10, 1956.

Edwin Hasselworth, Columbus, for himself.

C. William O'Neill, Atty. Genl., John W. Shoemaker, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus wherein the petitioner is seeking his release from the Ohio Penitentiary for the alleged reason that he was never indicted for the offense for which he was penalized. The record reveals that the petitioner was regularly indicted by the grand jury for Van Wert County at the September Term, 1953, for the offense of burglarly in the night season of an uninhabited dwelling, contrary to §12438 GC; that a plea of guilty was entered to such an unlawful breaking and entering in the day season, to wit, at three o'clock in the afternoon; that thereupon the court amended the indictment by striking out the word "night" and substituting "day." The question presented is

whether or not the indictment was subject to such an amendment. Sec. 13437-29 GC, which was in effect at that time (now §2941.30 R. C.) permit certain amendments to an indictment "provided no change is made in the name or identity of the crime charged."

Under the facts presented we are of the opinion that the amendment changed the identity of the offense from that of "burglary" under §13437-29 GC to that of "breaking and entering in the daytime" in violation of §12442 GC. In the case of **Kramer v. Alvis**, No. 5400, Franklin County, April 12, 1956 (**74 Abs 430**), this Court had under consideration these same sections of the General Code and we there held that the two offenses were separate and distinct and that under a charge of "burglary" a jury was not entitled to an instruction that it might find the defendant guilty of "breaking and entering in the day season" if such a fact were established. We there stated, "Had the jury returned such a verdict (that of guilty of breaking and entering in the day season) it would in our judgment have required at least the granting of a motion for a new trial." The judgment was affirmed in **163 Oh St 510**, but without discussion of the question of included offenses.

We therefore hold that the amendment was made contrary to the provisions of §13437-29 GC; that before a plea of guilty to breaking and entering in the daytime could have been entertained a new indictment should have been returned charging such an offense. The application is allowed and the petitioner is ordered discharged.

HORNBECK and WISEMAN, JJ, concur.