Weygandt, C. J.
In each cause of action it is alleged that on December 8, 1955, the defendant John W. Seliga signed an affidavit charging that on the next preceding day the plaintiff Sterling P. Minor “was suspected of unlawfully of having maliciously destroying property in the said plaintiff place of business while under the influence of intoxicants by cutting the tops of three (3) stools on 422 and 306 this being contrary to and in violation of Section 2909.01 of Rev. General Code of Ohio — of which the value was about $25 and one accomplice (John Doe) on suspicion.”
Pursuant to the signing of the affidavit, a warrant was issued with the language of the affidavit embodied therein. The warrant was signed by the defendant Thomas W. Seliga as a justice of the peace.
It is alleged further that immediately after the issuance of the warrant the plaintiff was held by the local police for a *3 period of approximately two hours until the arrival of a deputy sheriff who conducted plaintiff to the office of the justice of the peace, whereupon the defendants did “browbeat” and berate the plaintiff and charged him with committing the alleged crime. The plaintiff alleges further that he was held by the deputy sheriff for an additional period of two hours during which it was demanded that the plaintiff pay for the claimed damage to the three stools. Then, after the plaintiff had been deprived of his liberty for a total of four hours, he was informed by the defendants that they had no evidence against him, and he was discharged from custody.
Furthermore, it is alleged that at all times the defendants knew that the charge made by them was a false and unlawful charge made solely for the purpose of extorting from the plaintiff payment for the alleged damage to the three stools.
Were the lower courts correct in sustaining the defendants’ demurrer to the plaintiff’s petition?
In affirming the judgment of the Court of Common Pleas, the Court of Appeals said:
“Judgment affirmed for the reason that the affidavit is amendable, in that such affidavit alleges the violation of Section 2909.01, Revised Code, which provides ‘no person shall maliciously destroy or injure property not his own.’ See paragraph 10 of 5 Ohio Jurisprudence (2nd), page 24. Exceptions.”
It is agreed that neither the affidavit nor. the similarly worded warrant charges an offense since there is no such statutory offense as suspicion of malicious destruction of property. However, it is contended that the affidavit is not void but merely voidable. The complete answer to this suggestion is found in the following fourth paragraph of the syllabus in the decision of this court in the case of Brinkman v. Drolesbaugh, 97 Ohio St., 171, 119 N. E., 451, L. R. A. 1918F, 1132, relating to the classification of affidavits:
“The ‘void’ class includes those setting forth facts which in no conceivable form can constitute a criminal offense * * *.”
In the instant case the defect in the affidavit and warrant is one of substance and not of mere form. It is charged merely .that Minor “was suspected of” malicious destruction of prop *4 erty, and in no conceivable form could this charge constitute a criminal offense. In holding the affidavit amendable, the Court of Appeals seemed to rely on the theory that “such affidavit alleges the violation of Section 2909.01, Revised Code.” An examination of the affidavit and warrant discloses that this conclusion is incorrect. The language does not charge a violation of that statute. The statement is that he “was suspected of” malicious destruction of property, “this being contrary to and in violation of Section 2909.01.” It is agreed that merely being suspected of malicious destruction of property is not an offense under the provisions of this or any other statute, and hence nothing is accomplished by the obviously incorrect recital that being suspected of the act is violative of Section 2909.01, Revised Code, when it is not.
And there are two additional difficulties with the idea of amending the affidavit. First, even if the affidavit were amendable, it is agreed that no amendment was in fact made or even attempted. Second, the Court of Appeals cites no authority for its holding that the affidavit is amendable. To the contrary, in the fourth paragraph of the syllabus in the case of State v. Cimpritz, 158 Ohio St., 490, 110 N. E. (2d), 416, this court held:
“4. Sections 13437-28 and 13437-29, General Code [now Sections 2941.29 and 2941.30, Revised Code], authorizing correction in the form or substance of an indictment, apply to an indictment which as drawn is sufficient to charge an offense, but they do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437-28 and 13437-29, General Code, can operate to render them available.”
And in his opinion in the case of Shamokin Bank v. Street, 16 Ohio St., 1, Welch, J., in commenting on the general statutory power of amendment lodged in the courts, restated the rule in the following succinct sentence:
“But the statutory thing to be amended must exist, before the power can be exercised.”
Hence, in the instant case this court is of the view that the affidavit charged no offense, that the affidavit was void, and that it was not amendable. Clearly applicable is the pronouncement of this court in the following syllabus in the case of Truesdell v. Combs, 33 Ohio St., 186:
*5 “1. Justices of the peace, while acting within the scope of their authority, are not answerable in a private action for the erroneous exercise of the judicial functions with which they are invested by law.
“2. But such justices, and other inferior tribunals, which are invested only with special jurisdiction, and clothed with limited authority, must, at their peril, keep within their prescribed jurisdiction; and if they transcend the limits of their authority, they are answerable to any one whose rights are thereby invaded.
“3. And, in such a case, honesty of purpose, while it may mitigate damages, can not justify a clear usurpation of power.
“4. Therefore, where a justice of the peace, without authority of law, issues a warrant of arrest, both he and the person at whose instance he so acts are liable in an action for false imprisonment at the suit of the party illegally arrested by virtue of such warrant.”
In the instant case the judgments of the lower courts in sustaining the defendants’ demurrer to the plaintiff’s petition for failure to state a cause of action were erroneous and must be reversed. The cause is remanded to the Court of Common Pleas for further proceeding according to law.

Judgment reversed and cause remanded.

Zimmerman, Stewart, Taft, Bell and Herbert, JJ., concur.