Zimmerman, J.,
dissenting. I concur in paragraph one of the syllabus but dissent from paragraph two thereof and from the judgment. Under the plain provisions of Section 2309.46, Eevised Code, a purported petition setting out facts *104 must be verified by affidavit, and under the plain provisions of Section 2309.50, Revised Code, when a party pleading is a nonresident, as here (plaintiff, of Tuscarawas County; action, in Stark County), shch affidavit must be made before filing and be filed with the petition, and such verification is a condition precedent to the commencement of an action. An unverified petition, therefore, is a nullity.
The following statement by Judge Welch in the opinion in the case of Shamokin Bank v. Street, 16 Ohio St., 1, 10, is applicable to the instant case:
“* # * ^ generai power of amendment given to the courts by the Code [now by Section 2309.58, Revised Code], is very broad, and is only limited by the ‘justice’ of the case. But the statutory thing to be amended must exist, before the power can be exercised.”
Here, there was no petition subject to amendment.
Wbygandt, C. J., and Peck, J., concur in the foregoing dissenting opinion.