**D. W. HORSLEY, Jr., Appellant,**

v.

**R. W. ALVIS, Warden, Ohio State Penitentiary, Appellee.**

**No. 13951.**

United States Court of Appeals
Sixth Circuit.

July 29, 1960.

David N. Gorman, Cincinnati, Ohio (court appointed), D. W. Horsley, Jr., in pro. per., on the brief, for appellant.

Aubrey Wendt, Asst. Atty. Gen. (Mark McElroy, Atty. Gen., and William M. Vance, Asst. Atty. Gen., on the brief), for appellee.

Before WEICK, Circuit Judge, THORNTON and KENT, District Judges.

KENT, District Judge.

This is an appeal from the denial of a Writ of Habeas Corpus, the District Judge having granted a certificate of probable cause.

On June 7, 1939, the Grand Jury of Brown County, Ohio, returned an indictment against the appellant, as follows:

"* * * D. W. Horsley, Jr. on the 18th day of March, 1939, at the County of Brown and State of Ohio aforesaid, did then and there maliciously and forcibly break and enter the dwelling house of James Reeves in the night season. * * *"

On June 10, 1939, D. W. Horsley, Jr. was arraigned in the Court of Common Pleas of Brown County, Ohio, without counsel. The Prosecuting Attorney asked leave of the court to amend the indictment, returned by the Grand Jury, by inserting the word, "inhabited" immediately before the word "dwelling." The indictment was amended accordingly and upon arraignment D. W. Horsley, Jr. pleaded guilty to the indictment as amended. Thereafter he was committed to the Ohio State Penitentiary for life, and is now confined in that penitentiary.

In his petition for a Writ of Habeas Corpus, Horsley raises a number of issues, only one of which requires the attention of this court. We are faced with the issue which requires a determination of the extent of the right to amend an indictment on motion under the provisions of Section 13437–29, Ohio General Code, which provides in part:

"The court may at any time before, during or after trial amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged * * *."

This provision has been reviewed by the Courts of Appeal of the State of Ohio in Hasselworth v. Alvis, 1956, 143 N.E.2d 862; State v. Gates, 27 Ohio Law Abst. 302; State v. Foster, 56 Ohio App. 267, 10 N.E.2d 786; and also by the Supreme Court of Ohio in Breinig v. State, 124 Ohio St. 39, 176 N.E. 674; and State v. Cimpritz, 1953, 158 Ohio St. 490, 110 N.E.2d 416. As stated in the Cimpritz case, supra, at page 417 of 110 N.E.2d: "In Ohio, all crimes are statutory."

As returned by the Grand Jury, the indictment was brought under Section 12438 of the Ohio General Code (§ 2907.-10 of the Revised Code) which reads in part:

"Whoever in the night season maliciously and forcibly breaks and enters * * * an uninhabited dwelling house * * * with intent to steal property * * * shall be imprisoned in the penitentiary not less than one year nor more than fifteen years."

As amended on motion of the Prosecuting Attorney at the time of the arraignment, the indictment charged the crime set forth in Section 12437 Ohio General Code (§ 2907.09 of the Revised Code) which provides in part as follows:

"Whoever in the night season maliciously and forcibly breaks and enters an inhabited dwelling house with intent to * * * shall be im-prisoned in the penitentiary during life; but upon recommendation of mercy by the jury shall be imprisoned in the penitentiary not less than five years nor more than thirty years. * * * *"

It is the contention on behalf of the respondent appellee in this case that no change has been made in the identity of the crime charged. We are of the opinion that the decision in this case is controlled by State v. Cimpritz, supra, from which we feel compelled to quote at length. The following is found at pages 417, 418 of 110 N.E.2d:

"In Ohio, all crimes are statutory. Municipal Court of Toledo v. State ex rel. Platter, 126 Ohio St. 103, 184 N.E. 1; Eastman v. State, 131 Ohio St. 1, 1 N.E.2d 140, appeal dismissed 299 U.S. 505, 57 S.Ct. 21, 81 L.Ed. 374; State v. Fremont Lodge, Loyal Order of Moose, 151 Ohio St. 19, 84 N.E.2d 498. The elements necessary to constitute the crime must be gathered wholly from the statute and the crime must be described within the terms of the statute. Davis v. State, 32 Ohio St. 24, 28. Moreover, no act is a crime except an act done in violation of the express provisions of a statute or ordinance legally enacted. Toledo Disposal Co. v. State, 89 Ohio St. 230, 106 N.E. 6, L.R.A.1915B, 1207.

"It will be noted that the indictment herein charges merely that the defendant 'did unlawfully attempt to break and enter,' whereas the statute, Section 12438, General Code, specifically requires that to be guilty of the offense one must 'maliciously and forcibly' attempt to break and enter.

"A majority of this court entertains the view that the indictment in issue is fatally defective in that it does not set forth the necessary and essential elements to charge an offense and hence is not subject to the curative provisions of Sections 13437–28 and 13437–29, General Code. Those sections authorize cor-

442

rection in the form or substance of an indictment which as drawn is sufficient to charge an offense but do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437–28 and 13437–29 General Code, can operate to render them available.

"Appropriate to this discussion is the language used by Welch, J., in the opinion in Shamokin Bank v. Street, 16 Ohio St. 1, 10, where he remarked:

" ' * * * the general power of amendment given to the courts by the Code [now Section 11363, General Code] is very broad, and is only limited by the "justice" of the case. But the statutory *thing* to be amended must exist, before the power can be exercised.' " Compare Spoors v. Coen, 44 Ohio St. 497, 503, 9 N.E. 132, 135."

Pursuing further the subject of the insufficiency of the indictment before us, we direct attention to the early case of Fouts v. State, 8 Ohio St. 98, 114, where it was held that if any material element or ingredient of the offense, as defined by the statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.

And in the much later case of Harris v. State, 125 Ohio St. 257, 181 N.E. 104, this court declared that, although the liberal provisions of the Criminal Code, Section 13437–4 et seq., should be recognized and applied in a proper case, if a vital and material element identifying or characterizing an offense is omitted from an indictment, the indictment is insufficient to charge an offense and cannot be remedied by the court. To the same effect is State v. Parker, 150 Ohio St. 22, 26, 80 N.E.2d 490, 492, where it is said near the close of the *per curiam* opinion:

"The indictment is insufficient to charge an offense and cannot be cured by amendment since a vital

and material element identifying or characterizing the offense is omitted from such indictment * * *.

"It follows that the court may not supply words essential to the description of an offense, without which no violation is charged."

In our judgment the word, "unlawfully," as used in the challenged indictment before us amounts to no more than a legal conclusion and is not synonymous with or equivalent to the key words, "maliciously and forcibly," embodied in Section 12438, General Code. In other words, the employment of the word, "unlawfully," does not supply that element which is indispensable in the circumstances of this case to stating a violation of Section 12438, General Code. See Matthews v. State, 4 Ohio St. 539, 542, and State v. Parker, supra.

We find that the indictment involved in the instant case is deficient, ineffective and invalid. It stands to reason that a judgment based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceedings. See People v. Edge, 406 Ill. 490, 94 N.E.2d 359.

In the opinion of this court the amendment made on motion of the Prosecuting Attorney changed the identity of the crime with which the appellant was charged in a manner not contemplated by the permission granted in Section 13437–29 Ohio General Code. We cannot accept the theory of the respondent that an amendment which changes the penalty from a maximum of fifteen (15) years to a maximum of life imprisonment does not change the identity of the crime. For that reason we are forced to conclude that the amendment was ineffective and invalid.

The order of the District Court denying the petition for a Writ of Habeas Corpus is reversed and the cause remanded with instructions to issue said writ.