Jones, J.
 

 This was an indictment for obtaining money under false pretenses, an offense penalized by Section 13104, General Code. The false pretense charged therein is that the defendant “would pay the fine and costs taxed against Clyde Allen in a certain liquor case,” and that defendant obtained certain money therefor from the prosecuting witness. It has been early established by this court that the falsity of the pretense must relate to a past or an existing fact.
 
 Dillingham
 
 v.
 
 State,
 
 5 Ohio St., 280.
 

 From this indictment it appears that the representation made was that the accused would pay a fine and costs to be taxed in some amount against Allen, and if it be construed as a pretense relating to a future event the indictment would fall within the condemna
 
 *260
 
 tion of the
 
 Dillingham case,
 
 supra. However were we to construe the indictment liberally, under the provisions of the new Criminal Code, and assume that it does charge that the pretense related to an existing fine and costs taxed against Allen, the indictment is faulty in two respects. It is indefinite in that it does not state what the fine and costs were which he falsely represented to the prosecuting witness; and, if we assume that the accused falsely pretended that there were an existing fine and costs taxed, the indictment contains no averment negativing the pretended representation that such fine and costs existed. The only negation found in the indictment is that “in truth and in fáct the said Caleb S. Harris did not pay the fine and costs alleged to have been taxed” against Allen. The indictment should have averred in substance that the accused pretended to the prosecuting witness that there were a fine and costs assessed against Allen when the representation was made, and upon which he obtained the money to pay them; and then it should have negatived the fact that there were such fine and costs. This was not done.
 

 The following statement of the law in that respect is contained in 25 Corpus Juris, 626, Section 60, and is supported by copious notes: ‘ ‘ The indictment must negative by special averment the truth of the pretense alleged.” The following eases, all relating to obtaining money by false pretense, support the principle announced in the text:
 
 Dillingham
 
 v.
 
 State, supra; Redmond
 
 v.
 
 State,
 
 35 Ohio St., 81;
 
 State
 
 v.
 
 Trisler,
 
 49 Ohio St., 583, 31 N. E., 881.
 

 The only false pretense contained in the indictment is that the accused falsely pretended he would pay the fine and costs taxed against Allen, whereas in truth and in fact he did not pay them. There may have been a breach of confidence or trust in the accused’s failure to carry out his promise to pay the fine and costs in the future; but this particular crime cannot be based
 
 *261
 
 upon the failure to keep that promise; it must be based upon the false representation of an existing fact coupled with a promise. “A promise is not a pretense.” 2 Bishop’s Criminal Law (9th Ed.), Section 419.
 

 The following is the syllabus in the case of
 
 Colly
 
 v.
 
 State,
 
 55 Ala., 85: “A ‘false pretense,’ * * * is a false representation as to some existing or past fact; a mere promise to be performed in future, though not meant to be kept when made, is not a false pretense.”
 

 The following is found in the syllabus in
 
 State
 
 v.
 
 De Lay,
 
 93 Mo., 98, 5 S. W., 607:
 

 “1. False pretense. The essence of the crime of obtaining money or property by a false pretense is that the false pretense or representation should be of a past event or of a fact having a present existence.
 

 “2. No representation of a future event, whether in the form of a promise or not, can be a pretense within the meaning of the statute. * * *
 

 “4. In an indictment * * * for obtaining property under false pretenses, the pretenses by means of which the property was obtained must be falsified by distinct and specific averments.”
 

 In
 
 State
 
 v.
 
 Haines,
 
 23 S. C., 170, in discussing this feature in an indictment, Mr. Justice Mclver, on page 173, said: “It is true, that the combination of a false promise with the false representation of an existing or past fact will not take the case out of the statute, but it is not the false promise which constitutes the offense, but the false representation with which the promise may be connected. Hence, unless there is a false representation, upon which the false promise is based, there can be no conviction, for the false promise alone involves no criminal consequences. * * * It may be that the promise constitutes the principal motive of the prosecutor to part with his goods, but unless such promise is connected with or based upon
 
 *262
 
 a false representation of an existing or past fact, the case does not fall within the statute.”
 

 Should the court hold that the foregoing authorities apply to this indictment, then counsel for the state claims that the liberal provisions of the new Criminal Code, particularly Section 13437-4 (113 Ohio Laws, 163), and other cognate sections of the General Code, cure the insufficiency of the indictment; and that apparently was the view taken by the Court of Appeals. In its opinion the Court of Appeals quotes Section 13437-4, General Code, which reads: “In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged. ’ ’
 

 While we recognize and will apply the liberal provisions of the present Criminal Code, which give wide latitude to the courts in respect to the curing of indictments, and their review by the appellate courts, we cannot do so where the accused’s constitutional rights are violated and he has been prejudiced thereby. Keeping in mind that the indictment did not allege the falsity of the existence of the fine- and costs, or negative the fact that they were assessed, can it be said that the accused was advised of the exact “nature and cause of the accusation” which he is called upon to answer? In
 
 Dillingham
 
 v.
 
 State, supra,
 
 the defect in the information lay in the fact that all the representations made by the accused were negatived except one. In that situation, Ranney, O. J., said of the indictment, at page 285: “ ‘The nature and cause of the accusation’ are not sufficiently stated to enable the accused
 
 *263
 
 to know what he might expect to meet upon the trial; and it is neither consistent with general principles nor constitutional safeguards, to allow a man to be thus put to trial upon a criminal charge in the dark.”
 

 Likewise in the false pretense case of
 
 Redmond
 
 v.
 
 State, supra,
 
 it appears that in that indictment “there is no negation of the first pretense or representation set out in the indictment, even in form.” Holding the indictment insufficient because the accused did not have notice of what he was to meet, White, J., in his opinion said, at page 83 of 35 Ohio State: “In considering the sufficiency of the indictment in the light of these principles, we must assume that the representations charged to have been made by the accused are true, except to the extent that their truth is denied. To constitute a false pretense there must be a representation of facts which is untrue.” This latter case was approved by this court in the case of
 
 State
 
 v.
 
 Trisler, supra,
 
 where the same principle was involved.
 

 Under the form in which it is drawn this indictment savors a charge of embezzlement by breach of trust rather than an offense of obtaining money by false pretense. These two offenses are closely related; but there is a distinction between them, having its roots in the manner in which money or property is acquired. The indictment simply stated that the accused promised that he would pay the fine and costs with the money obtained from the prosecuting witness. If the accused obtained the money by falsely representing there was a fine, and costs, which he promised to pay, his securing possession of the money would be wrongful in its inception, and its subsequent conversion to his own use would constitute the offense charged in the indictment, since he would have acquired possession of the money under a false representation. However if in its inception there was no false pretense as to the existence of the fine and costs, and he merely received the money from the prosecuting witness under a prom
 
 *264
 
 ise to pay them, then his conversion of the money to his own use by a breach of the confidence reposed in him by the prosecuting witness would constitute the crime of embezzlement. The distinction between those two statutory offenses is important, since they seriously affect the right of the accused to be advised of the nature of the charge of the accusation against him.
 

 In
 
 Breinig
 
 v.
 
 State,
 
 124 Ohio St., 39, 176 N. E., 674, this court permitted the amendment of an indictment by the trial court by inserting the venue, when the accused was not prejudiced thereby. But on page 42 of 124 Ohio State, 176 N. E., 675, the writer of this opinion said: “We agree that if the court should amend an indictment in such a manner as to change the name, character or identity of the offense, such an amendment permitted by the court could not cure the indictment, as such action would violate the provisions of the local and fundamental laws, cloaking the offender with the right to ‘demand the nature and cause of the accusation against him.’ Section 10, Article I of the Constitution. Any amendment in respect to that feature of the indictment would prejudice the substantial rights of the defendant.” It is clear that venue has no connection with the substance, identity or character of the offense.
 

 The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury.
 

 The trial court committed error in not sustaining the motions of the accused for a directed verdict, and in overruling his motion for an arrest of judgment,
 
 *265
 
 and the Court of Appeals erred in affirming the judgment of the trial court.
 

 The judgments of the lower courts are reversed, and the defendant is discharged.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkadb and Stephenson, JJ., concur.