Zimmerman, J.
Section 12438, General Code, recites :
“Whoever in the night season maliciously and forcibly breaks and enters, or attempts to break and enter an uninhabited dwelling house, or a kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, water craft, schoolhouse, church or meeting house, barn or stable, railroad car, car factory, station house, hall or other building, or attempts to break and enter an inhabited dwelling house with intent to steal property of any value, or with intent to commit a felony, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.”
In Ohio, all crimes are statutory. Municipal Court of Toledo v. State, ex rel. Platter, 126 Ohio St., 103, 184 N. E., 1; Eastman v. State, 131 Ohio St., 1, 1 N. E. (2d), 140, appeal dismissed, 299 U. S., 505, 81 L. Ed., 374, 57 S. Ct., 21; State v. Fremont Lodge, Loyal Order of Moose, 151 Ohio St., 19, 84 N. E. (2d), 498. The elements necessary to constitute the crime must be gathered wholly from the statute and the crime must be described within the terms of the statute. Davis v. State, 32 Ohio St., 24, 28. Moreover, no act is a crime except an act done in violation of the express provisions of a statute or ordinance legally enacted. Toledo Disposal Co. v. State, 89 Ohio St., 230, 106 N. E., 6, L. R. A. 1915B, 1207.
It will be noted that the indictment herein charges merely that the defendant “did unlawfully attempt to break and enter,” whereas the statute (Section 12438, General Code) specifically requires that to be guilty of the offense one must “maliciously and forcibly” attempt to break and enter.
*493 A majority of this court entertains the view that the indictment in issue is fatally defective in that it does not set forth the necessary and essential elements to charge an offense and hence is not subject to the curative provisions of Sections 13437-28 and 13437-29, General Code. Those sections authorize correction in the form or substance of an indictment which as drawn is sufficient to charge an offense but do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437-28 and 13437-29, General Code, can operate to render them available.
Appropriate to this discussion is the language used by Welch, J., in the opinion in Shamokin Bank v. Street, 16 Ohio St., 1, 10, where he remarked:
£ £ * «f # -thg general power of amendment given to the courts by the Code [now Section 11363, General Code] is very broad, and is only limited by the ‘justice’ of the case. But the statutory thing to be amended must exist, before the power can be exercised.” Compare Spoors v. Coen, 44 Ohio St., 497, 503, 9 N. E., 132, 135.
Pursuing further the subject of the insufficiency of - the indictment before us, we direct attention to the early case of Fouts v. State, 8 Ohio St., 98, 114, where it was held that if any material element or ingredient of the offense, as defined by the statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.
And in the much later case of Harris v. State, 125 Ohio St., 257, 181 N. E., 104, this court declared that, although the liberal provisions of the Criminal Code (Section 13437-4 et seq.) should be recognized and applied in a proper case, if a vital and material element identifying or characterizing an offense is omitted from an indictment, the indictment is insufficient to charge an offense and cannot be remedied by the court. To *494 the same effect is State v. Parker, 150 Ohio St., 22, 26, 80 N. E. (2d), 490, 492, where it is said near the close of the per curiam opinion:
“The indictment is insufficient to charge an offense and cannot be cured by amendment since a vital and material element identifying or characterizing the offense is omitted from such indictment. * * *
“It follows that the court may not supply words essential to the description of an offense, without which no violation is charged.”
In our judgment the word, “unlawfully,” as used in the challenged indictment before us amounts to no more than a legal conclusion and is not synonomous with or equivalent to the key words, “maliciously and forcibly,” embodied in Section 12438, General Code. In other words, the employment of the word, “unlawfully,” does not supply that element which is indispensable in the circumstances of this case to stating a violation of Section 12438, General Code. See Matthews v. State, 4 Ohio St., 539, 542, and State v. Parker, supra.
We find that the indictment involved in the instant case is deficient, ineffective and invalid. It stands to reason that a judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding. See People v. Edge, 406 Ill., 490, 94 N. E. (2d), 359.
The judgments of the Court of Appeals and of the Court of Common Pleas are reversed and the cause is remanded to the latter court for action in accordance with this opinion.

Judgment reversed.

Middleton, Taft, Matthias, Hart and Stewart, JJ., concur.