Taft, J.
So far as pertinent, Section 2907.10, Revised Code, reads:
“No person shall in the night season maliciously and forcibly break and enter, or attempt to break and enter an uninhabited dwelling house * * * or other building * * * with intent to steal property of any value, or with intent to commit a felony.” (Emphasis added.)
It is apparent from a reading of this statute that an essential element of the crime sought to be charged in count one of the indictment in the instant case is one of the “intents” specified by the emphasized words quoted from that statute.
*520 It is certain that, without the amendment made by the court on motion of the prosecution, the indictment did not (and possibly, because it still fails to include reference to “property of any value” even after such amendment, does not) charge either defendant with the intent that is an essential element of the offense specified in Section 2907.10, Eevised Code.
In State v. Cimpritz, supra (158. Ohio St., 490), the syllabus reads in part:
“4. Sections 13437-28 and 13437-29, General Code [now Sections 2941.29 and 2941.30, Eevised Code], authorizing correction in the form or substance of an indictment, apply to an indictment which as drawn is sufficient to charge an offense, but they do not contemplate the making of a good indictment out of one which states no offense. There must be something effectual on which Sections 13437-28 and 13437-29, General Code, can operate to render them available. tl # * #
“6. A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding.”
See also State v. Presler (1960), 112 Ohio App., 437, 176 N. E. (2d), 308.
Any other holding in a case such as this would be inconsistent with the provisions of Section 10 of .Article I of the Constitution of Ohio providing that “no person shall be held to answer for” a crime such as this “unless on presentment or indictment of a grand jury.” To require defendants to answer for the crime sought to be charged in count one of this indictment after amendment of the indictment by addition thereto of a missing charge of an essential element of that crime would be to require defendants to answer for a crime other than on “presentment or indictment of a grand jury.” In order to justify conviction of a defendant for such a crime, the grand jury and not the prosecutor, even with the approval of the court, must charge the defendant with each essential element of that crime.
As stated by Jones, J., in the opinion in Harris v. State (1932), 125 Ohio St., 257, 264, 181 N. E., 104:
*521 “The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury. ’ ’
The state further relies upon that part of Section 2945.83, Revised Code, reading:
“No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of
“(A) An inaccuracy or imperfection in the indictment # # # provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him; < Í # # *
“(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial.”
These statutory provisions, standing alone, might have required affirmance of the judgment of conviction of defendants on the first count. However, to so hold in this case, where the indictment as drawn is not sufficient to charge an offense, would be to require defendants to “answer for” an “infamous crime” other than “on presentment or indictment of a grand jury” contrary to the provisions of Section 10 of Article I of the Ohio Constitution. Harris v. State, supra (125 Ohio St., 257). Section 2945.83, Revised Code, must be read and construed in the light of that constitutional provision.
Furthermore, Section 2941.57 provides in part:
“The accused may demur:
“ (A) When the facts stated in the indictment do not constitute an offense # #
“(B) When the intent is not alleged and proof thereof is necessary to make out the offense charged * * (Emphasis added.)
*522 There is no statute with respect to waiver of defects which may he excepted to by demurrer comparable to Section 2941.59, Revised Code, relative to waiver of defects which may be excepted to by a motion to quash or a plea in abatement.
See also Sections 2947.02 and 2947.03, Revised Code, providing for arrest of judgment where “facts stated in * * * indictment * * * do not constitute an offense,” and Section 2945.14, Revised Code, providing for a discontinuance of trial without prejudice to the prosecution where “a mistake has been made in charging the # * offense in the indictment.”
Unlike in Ex parte Stephens, a Minor (1960), 171 Ohio St., 323, 170 N. E. (2d), 735, defendants did nothing which may reasonably be construed as an affirmative assent on their part to waive the constitutional requirement that they be not “held to answer for” the crime sought to be charged in count one “unless on presentment or indictment of a grand jury.” Cf. State v. Cunningham (1960), 171 Ohio St., 54, 167 N. E. (2d), 897, indicating that a defendnant may sometimes waive a constitutional right by failing to assert it.
It may be contended that our conclusion and the syllabus in State v. Cimpritz, supra (158 Ohio St., 490), cannot be reconciled with cases such as In re Bryant (I960), 171 Ohio St., 16, 167 N. E. (2d), 500. In the latter case, a prisoner sought release by habeas corpus on the ground that ‘ ‘ the indictment * * * did not charge an offense,” but this court, in refusing his release, pointed out that “the trial court had jurisdiction of the subject matter and of the person of the petitioner” and that “petitioner * * # had an adequate remedy by way of appeal from the judgment of conviction to review” such an alleged error. As stated in paragraph six of the syllabus of State v. Cimpritz, supra (158 Ohio St., 490), “an indictment,” such as that in the instant case, “which does not charge an offense is void * * * and may be successfully attacked * * * by a collateral proceeding.” However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for *523 the crime for which he was convicted. Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack. Cf. Mantho v. Board of Liquor Control (1954), 162 Ohio St., 37, 120 N. E. (2d), 730.
We are not confronted with a situation where a defendant, in the hope that he could secure a favorable verdict that would bar further prosecution for the crime sought to be charged, has not attacked the sufficiency of the indictment before submission of the cause to the jury; and we therefore express no opinion as to whether such defendant might be estopped from thereafter-contending that an unfavorable verdict against him should be set aside. Cf. State v. Glaros (1960), 170 Ohio St., 471, 475, 166 N. E. (2d), 379, 382, 383.
It is apparent from a comparison of the words of count two before its amendment with the words of Section 2907.11, Revised Code, that that count contained every essential element of the crime specified in that statute. Hence, no amendment thereof was necessary in order to make that count charge every essential element of the crime that it was supposed to charge. Therefore, the trial court was authorized by Section 2941.30, Revised Code, to permit the amendment made to count two.
It follows that the judgment of the Court of Appeals so far as it pertains to count one must be affirmed but that its judgment so far as it pertains to count two must be reversed.

Judgment affirmed in part and reversed in part.

Zimmerman, acting C. J., Griffith, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., concurs in the judgment only.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Zimmerman, J.