JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael Webb appeals the trial court's verdict finding him guilty of burglary in violation of R.C. 2911.12. Webb assigns the following as errors for our review:
 {¶ 2} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR BURGLARY AS CHARGED IN THE INDICTMENT BECAUSE (1) THERE WAS INSUFFICIENT EVIDENCE THAT MR. WEBB WAS NOT AUTHORIZED TO TAKE ITEMS FROM THE HOUSE AND THUS INTENDED TO COMMIT A THEFT OFFENSE WHILE IN THE RESIDENCE AND (2) THERE WAS INSUFFICIENT EVIDENCE THAT DOROTHY LIGON, THE ONLY VICTIM NAMED IN THE INDICTMENT, WAS PRESENT IN THE RESIDENCE OR LIKELY TO BE PRESENT IN THE RESIDENCE THAT EVENING.
 {¶ 3} THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY THAT MR. WEBB COULD BE CONVICTED OF BURGLARY IF THE JURY FOUND THAT ANY PERSON WAS PRESENT IN THE RESIDENCE EVEN THOUGH THE INDICTMENT ONLY ALLEGED THAT MS. LIGON WAS PRESENT OR LIKELY TO BE PRESENT IN THE RESIDENCE.
 {¶ 4} THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 5} THE TRIAL COURT ERRED WHEN IT ADMITTED IMPROPER HEARSAY EVIDENCE IN THE FORM OF THE POLICE COMPUTERIZED RECORD OF ITEMS TAKEN FROM MR. WEBB DURING BOOKING.
 {¶ 6} THE TRIAL COURT ERRED WHEN IT PERMITTED THE PROSECUTION TO CROSS-EXAMINE MR. WEBB ABOUT THE TERM OF INCARCERATION HE SERVED IN CONNECTION WITH A PRIOR CONVICTION.
 {¶ 7} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 8} THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF BURGLARY IN VIOLATION OF R.C. 2911.12(A)(4), WHICH DIFFERS FROM THE CRIME ALLEGED IN THE INDICTMENT BY THE LACK OF A PURPOSE TO COMMIT A CRIME WHEN ENTERING THE OCCUPIED PREMISES.
{¶ 9} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
{¶ 10} On December 14, 2000, William Clarence Merritt reported to the Cleveland police that he witnessed a man wearing dark trousers, a large dark coat and a red hooded sweatshirt, open and crawl through a window at 10601 Elgin in Cleveland, Ohio. Cleveland Patrol Officers Charles Davis and Vincent Seminatore responded. Upon arriving at 10601 Elgin, the officers observed a man fitting the description given by Merritt walking down the driveway with a video cassette recorder in one hand and two full plastic garbage bags in the other. The officers stopped the man, later identified as Webb, and asked him to sit in the patrol car while they appraised the situation.
{¶ 11} After Merritt identified Webb as the man he saw exiting the house, the officers arrested Webb and found three wrapped Christmas presents, steaks, and potatoes, in addition to the video cassette recorder, in his possession. A police investigation did not find any suspect's fingerprints at Ligon's residence.
{¶ 12} Dorothy Ligon resided at 10601 Elgin with her four children. She received news of the burglary while at work, and immediately went home to check on her children who were sleeping at the time of the break-in. Ligon identified the objects recovered from Webb as her possessions. At trial, she testified she had known Webb for over nineteen years, and he was not in her home before she left for work nor did he have permission to be in her home at any time that evening.
{¶ 13} For sake of clarity, we first consider Webb's second assigned error in which he argues the trial court erred by instructing the jury that he could be convicted of burglary if they found that any person was present in Ligon's residence upon commission of the crime. Although couched in terms of improper jury instructions, essentially Webb argues the court convicted him of a crime not charged in the indictment and thus denied him due process. We disagree.
{¶ 14} The indictment stated that Webb "did by force, stealth, or deception, trespass in an occupied structure * * * that is a permanent or temporary habitation of Dorothy Ligon, when Dorothy Ligon, not theaccomplice of the offender, was present or likely to be present
* * *."[1]
{¶ 15} In its instructions to the jury, the trial judge stated:
 {¶ 16} Now, it doesn't have to be just Dorothy Ligon present, could be anyone present in the home who would be present or likely to be present. It's just she's the named occupant or owner of the premises.
{¶ 17} Webb argues that the trial court's instructions expand upon the indictment in such a way as to deny Webb due process. Webb correctly proposes due process is denied when a defendant is tried on different facts than those upon which the grand jury indicted;[2] however, he misapplies that principle here.
{¶ 18} This due process principle guarantees that the elements constituting the charged offense will be found in the grand jury indictment so that the defendant will have notice of the charges faced.[3] The elements of burglary, as codified in R.C. 2911.12(A), are as follows:
 {¶ 19} No person by force, stealth, or deception shall do any of the following:
{¶ 20} * * *
 {¶ 21} (2) Trespass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.
{¶ 22} Because these elements are found in the indictment, Webb cannot reasonably argue that he did not have notice of the essential facts upon which he was tried. The presence of Ligon rather than any other person does not bear on whether Webb knew he was on trial for burglary. The due process requirement of notifying Webb of the charges he faced was satisfied. Accordingly, Webb's second assigned error is without merit.
{¶ 23} In his first assigned error, Webb argues his conviction cannot stand because insufficient evidence existed to find Webb intended to commit a theft offense while in Ligon's residence. Additionally, he argues Ligon is the only named person in the indictment and the State failed to show that she was present or likely to be present in the home at the time of the burglary. We disagree.
{¶ 24} A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[4] On review for legal sufficiency, the appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[5] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[6]
{¶ 25} The State introduced evidence that Webb entered Ligon's residence, at a time when Ligon's children were present and without Ligon's permission, opened and crawled through a window and then removed several of Ligon's possessions. This evidence, viewed in a light most favorable to the prosecution, is sufficient to establish beyond a reasonable doubt that Webb committed a burglary. Webb's argument that the State failed to show that Ligon was home or likely to be home does not persuade this court that the case should have been dismissed. The burglary statute states that one is guilty of burglary when any person is home or likely to be home. In this case, the children were present; consequently, the State met its burden when this evidence is viewed in a light most favorable to the State.
{¶ 26} Webb more specifically argues that the indictment only names Ligon and thus we should restrict this case to her presence in the home. This is too narrow a focus. Crim.R. 7(B) provides an indictment shall contain a statement that the defendant has committed a public offense specified in the indictment. The statement may be in the words of the applicable statute, or in words sufficient to give the defendant notice of all the elements of the offense with which he was charged.[7]
{¶ 27} Accordingly, Webb's first assigned error is without merit.
{¶ 28} In his third assigned error, Webb argues the trial court's verdict is against the manifest weight of evidence. We disagree.
{¶ 29} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of evidence.[8] R.C. 2911.12(A)(2) states no person by stealth shall trespass in an occupied structure that is a permanent habitation of any person when any person is present or likely to be present, with purpose to commit any criminal offense.[9] In other words, the statute does not intend, nor does it direct, an indictment to specify every possible person that may be in a residence at the time a burglary is committed.
{¶ 30} When an appellant challenges a conviction on manifest weight grounds, we review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses "and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[10] The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.[11] Stated succinctly, a reviewing court will not reverse a conviction where there is substantial evidence upon which the trial court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt.[12]
{¶ 31} As we already determined, the prosecution presented evidence to sustain a conviction for burglary. Merritt witnessed Webb enter through Ligon's window and then leave the residence carrying Ligon's video cassette recorder, Christmas presents, and food. Ligon testified Webb did not have permission to enter or be in her home that evening and that her children were home at the time Webb entered. The substance of countervailing evidence came from Webb's exculpatory statements. On balance, we determine this evidence weighs in favor of the prosecution, and demonstrates the jury did not clearly lose its way and create such a manifest miscarriage of justice that Webb's conviction must be reversed and a new trial ordered. Accordingly, Webb's third assigned error is without merit.
{¶ 32} In his fourth assigned error, Webb argues the trial court erred by admitting improper hearsay evidence in the form of an investigating police officer reading into evidence a computerized police record indicating Webb had gloves with him at the time of arrest. We disagree.
{¶ 33} The Ohio Supreme Court stated, "The trial court has broad discretion in the admission and exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere."[13]
{¶ 34} Erroneously admitting evidence is not a ground for reversal unless it affects a substantial right of the complaining party or it appears that substantial justice was not done.[14] "Substantial justice is denied a party if the trier of fact would not have reached the same decision but for the error."[15]
{¶ 35} The prosecution proffered evidence that Webb possessed gloves at the time of his arrest via a computer-generated police record which an investigating police officer read into evidence over defense counsel's objection. This evidence was proffered to rebut Webb's testimony that he did not possess gloves when he was arrested. Webb argues prejudice attached because the prosecution used hearsay evidence to cast a shadow of doubt upon his credibility. Further, the computerized record may explain why the police did not find Webb's fingerprints at Ligon's residence.
{¶ 36} A police report is a public record for evidentiary purposes pursuant to Evid.R. 803(8).[16] In criminal cases, the trial court errs by admitting a police report or police record as a public record or report under Evid.R. 803(8).[17] While the computerized record read into evidence was hearsay and not excepted by Evid.R. 803(8), we determine that the outcome of the trial would not have been different had the court excluded this evidence. Accordingly, Webb's fourth assigned error is without merit.
{¶ 37} In his fifth assigned error, Webb argues the trial court erred by permitting the prosecution to cross-examine Webb about a prison term he served in connection with a prior conviction. We disagree.
{¶ 38} The defense called Webb to testify. On direct examination, the defense attorney asked Webb if he had ever been convicted of a prior offense. Webb responded that he had been convicted of a drug offense. During cross-examination, the prosecuting attorney and Webb engaged in the following dialogue:
 {¶ 39} BY MS. FARAGLIA: You were convicted of a drug offense, correct?
{¶ 40} WEBB: Yes.
{¶ 41} Q: And you had to serve some time in jail?
{¶ 42} MR. MCDONNELL: Objection.
{¶ 43} TRIAL COURT: Overruled.
{¶ 44} A: Yes.
{¶ 45} BY MS. FARAGLIA:
 {¶ 46} Q: How much time did you have to spend in jail?
{¶ 47} A: A year.
{¶ 48} Q: And where did you spend that time?
{¶ 49} A: [Cuyahoga Correctional Institution].
{¶ 50} We recall the Ohio Supreme Court's admonition to refrain from interfering with a trial court's broad discretion to admit evidence absent material prejudice.[18]
{¶ 51} Evid.R. 403(A) provides that evidence, although relevant, is not admissible where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.
{¶ 52} Pursuant to Evid.R. 61(B), "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 609(A) permits an attack on a witness's credibility based upon conviction for previous crime. "The limitation of such cross-examination lies within the sound discretion of the trial court, viewed in relation to the particular facts of the case."[19]
{¶ 53} In reviewing this assigned error we determine whether the remarks were improper and whether they prejudiced the defendant.[20]
Prejudice exists when there is a reasonable probability that but for the prosecutor's improper remarks, the result of the proceeding would have been different.[21]
{¶ 54} The prosecution's questions regarding whether Webb served prison time as a consequence of his previous conviction and how much time he served were patently irrelevant to whether Webb committed burglary in this case and did not pertain to Webb's credibility. Accordingly, the trial court erred by admitting this evidence.
{¶ 55} Nonetheless, in the absence of prejudice, such error will not result in reversal. Based upon the strength of evidence presented at trial, we cannot say the exclusion of testimony regarding Webb's imprisonment would have resulted in Webb's acquittal in this case. Accordingly, Webb's fifth assigned error is without merit.
{¶ 56} We next address Webb's seventh assigned error wherein he argues the trial court committed plain error by failing to instruct the jury on the lesser included offense of burglary in violation of R.C. 2911.12(A)(4). We disagree.
{¶ 57} A trial court need only instruct on a lesser-included offense when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense.[22]
{¶ 58} The lesser included burglary offense essentially differs from Webb's conviction in that the offender need not have purpose to commit a criminal offense upon entering the occupied structure. Although the evidence here supports a conviction on the lesser included burglary offense, as we held, the evidence adduced at trial could not reasonably support Webb's acquittal on the charged offense. Accordingly, Webb's seventh assigned error is without merit.
{¶ 59} In his sixth assigned error, Webb argues his counsel rendered ineffective assistance by failing to object when the trial court instructed the jury that he could be found guilty of burglary even if they found that Ligon was not home, by failing to stress that Webb may have had permission to take Ligon's possessions, and by not requesting an instruction on the lesser included offense of burglary under R.C. 2911.12(A)(4). Webb maintains these decisions of counsel denied him a fair trial. We disagree.
{¶ 60} In order to prevail on a claim of ineffective assistance of counsel, the appellant must show trial counsel's performance fell below an objective standard of reasonableness and such performance resulted in undue prejudice.[23] An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[24]
{¶ 61} First, as discussed in our treatment of Webb's second assigned error, the trial court did not err by instructing the jury that Webb could be convicted of burglary even if Ligon was not home. Webb's counsel could not have rendered ineffective assistance by not objecting where no error exists.
{¶ 62} Second, the jury heard evidence supporting every element of the offense of burglary. Nonetheless, Webb insists his counsel erred by not stressing doubt that Webb lacked permission to take Ligon's possessions. Considering the overwhelming evidence against Webb, including Ligon's testimony, Webb's counsel did not act objectively and unreasonably by not stressing this point. Further, his counsel's performance in this matter did not result in undue prejudice.
{¶ 63} Third, as we determined under Webb's seventh assigned error, the evidence adduced at trial does not support acquittal of the charged offense. Further, counsel's choice to request or not to request instructions on a lesser-included offense is a matter of trial strategy and does not establish ineffective assistance of counsel.[25]
{¶ 64} Accordingly, Webb's sixth assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
[1] Emphasis added.
[2] State v. Vitale (1994), 96 Ohio App.3d 695; 645 N.E.2d 1277; Section 10, Article I, Ohio Constitution.
[3] Harris v. State (1932), 125 Ohio St. 257, 264 181 N.E. 104,106.
[4] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
[5] Id.; State v. Fryer (1993), 90 Ohio App.3d 37, 43, 627 N.E.2d 1065,1069.
[6] Fryer, supra at 43.
[7] Crim.R. 7(B).
[8] Thompkins, supra.
[9] Emphasis added.
[10] State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717,720, citing Tibbs v. Florida (1982), 457 U.S. 31, 38, 42; See, also,Thomkins, supra.
[11] Martin, supra at 175, citing Tibbs, supra at 31, 38, 42. See, also, Thomkins, supra.
[12] State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
[13] State v. Hymore (1967), 9 Ohio St.2d 122, 128, 224 N.E.2d 126,130.
[14] Mustafa v. Heneghan 1997 Ohio App. LEXIS 4005 (Sept. 4, 1997), Ohio App. No. 71607, citing Petti v. Perna (1993), 86 Ohio App.3d 508,621 N.E.2d 580.
[15] Id.
[16] Mustafa, supra.
[17] State v. Parker, 1997 Ohio App. LEXIS 3856 (Aug. 28, 1997), Cuyahoga App. No. 71034, citing State v. Spinks (1992), 79 Ohio App.3d 720,729, 607 N.E.2d 1130 and State v. Wade, 1987 Ohio App. LEXIS 9464 (June 11, 1987), Cuyahoga App. No. 52374.
[18] Hymore, supra.
[19] State v. Acre (1983), 6 Ohio St.3d 140, 145, 451 N.E.2d 802.
[20] State v. Moore, 81 Ohio St.3d 22, 33, 1998-Ohio-441, citingState v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883.
[21] State v. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082.
[22] State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus; State v. Palmer, 80 Ohio St.3d 543,562, 1997-Ohio-312.
[23] State v. Madrigal, 87 Ohio St.3d 378, 397, 2000-Ohio-448, reconsideration denied, 88 Ohio St.3d 1428, 723 N.E.2d 1115, citingStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
[24] State v. Lindsey, 87 Ohio St.3d 479, 489, 2000-Ohio-465, reconsideration denied (2000), 88 Ohio St.3d 1438, 724 N.E.2d 812.
[25] State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.