OPINION
{¶ 1} Defendant-Appellant, Monte J. Roberson, appeals from a judgment of conviction and sentence of the Hancock County Court of Common Pleas upon jury verdicts of guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), and two counts of trafficking marijuana, in violation of R.C. 2925.03(A). All three counts stem from his alleged involvement with what is known as the Gonzalez Family Drug Enterprise.
 {¶ 2} The pertinent facts and procedural history are as follows. From January 1, 1998 through August 29, 2000, a criminal enterprise known as the Gonzalez Family Drug Enterprise conducted illegal business throughout Hancock County and various states. The primary purpose of the enterprise was to distribute marijuana and cocaine throughout Northwestern Ohio and Southern Michigan. A number of people, including Roberson, were suspected to have brought into Hancock County a substantial quantity of illegal drugs to sell.
 {¶ 3} On August 30, 2000, the Hancock County Grand Jury returned a five count indictment against Roberson. Count One alleged a violation of R.C. 2923.32(A)(1), Engaging in a Pattern of Corrupt Activity, a felony of the second degree; Counts Two, Three, and Four alleged separate violations of R.C. 2925.03(A), Trafficking in Marijuana with a school specification, each a felony of the fourth degree; and Count Five alleged a violation of R.C. 2925.11(A), Possession of Marijuana, a felony of the fifth degree.
 {¶ 4} Pursuant to Roberson's request, the state filed a bill of particulars on July 13, 2001. The following February, Roberson filed a motion to dismiss Count One of the indictment alleging violations of Article I, Section 10 of the Ohio Constitution and theFourteenth Amendment of the United States Constitution. Roberson's motion asserted that the indictment failed because it omitted the incidents of corrupt activity necessary to prove a pattern under R.C. 2923.32(A)(1). Before the motion was ruled upon, the case proceeded to trial. On May 22, 2002, Roberson entered a no contest plea to Count Five of the indictment, and on May 29, 2002, the state filed an amended bill of particulars.
 {¶ 5} A six day jury trial commenced on May 30, 2002, after which the jury returned guilty verdicts on Counts One, Two, and Four. The state dismissed Count Three prior to jury deliberations. Roberson was sentenced to six years on Count One, and eleven months each on Counts Two, Four, and Five to be served concurrently with each other but consecutively to Count One for an aggregate sentence of six years and eleven months with the Ohio Department of Rehabilitation and Correction.
 {¶ 6} Roberson now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
The indictment for count (1) O.R.C. § 2923.32(A) Engaging in a Pattern of Corrupt Activity, was insufficient as it omitted material and essential facts and or elements constituting that offense. Said omissions violating the appellant's constitutional rights under Article 1 Section10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
 {¶ 7} Roberson claims that the state's failure to delineate the predicate offenses underlying the corrupt activity count in the indictment deprived him of due process of law.
 {¶ 8} R.C. 2923.32(A)(1) provides: "No person employed by, or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." The elements of the offense are further defined in R.C.2923.31, which states:
(C) `Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. `Enterprise' includes illicit as well as licit enterprises.
* * *
(E) `Pattern of corrupt activity' means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event. * * * For the purposes of the criminal penalties that may be imposed pursuant to section 2923.32 of the Revised Code, at least one of the incidents forming the pattern shall constitute a felony under the laws of this state in existence at the time it was committed[.]
 {¶ 9} R.C. 2923.31(I) further defines "corrupt activity" to include conduct defined as racketeering activity under the federal RICO act or other activity in violation of any of more than seventy Revised Code Sections. Depending upon the degree of the alleged predicate acts, a violation of R.C. 2923.32 is either a second or first degree felony.[1]
 {¶ 10} Within the assigned error, Roberson cites Richardson v.United States,[2] which held that a conviction under the federal corrupt enterprise statute requires jury unanimity as to each predicate act. Richardson involved a federal statute and, as acknowledged in that Court's opinion, is not automatically applicable to the states and state statutes.[3] However, we do not need to reach the issue presented inRichardson, nor its applicability here. In the instant case, the indictment contained in separate counts, specifically Count Two and Count Four, offenses that qualified as predicate offenses under the corrupt activity statute. The jury unanimously found the defendant guilty of those offenses. Thus, even if Richardson did apply here, it affords the defendant no grounds for reversal.
 {¶ 11} Roberson also argues that the indictment was insufficient because it omitted the predicate offenses utilized to obtain the corrupt-activity conviction. Furthermore, he contends that the trial court's charge permitting the jury to consider unindicted offenses violated his right to due process.
 {¶ 12} The indictment at issue alleges that from January 1, 1998, to August 29, 2000, Roberson "being associated with an enterprise engaged in the sale and distribution of a controlled substance, to wit: Marihuana, did participate directly or indirectly in the affairs of said enterprise through a pattern of corrupt activity and the value of the contraband or other property illegally possessed, sold or purchased through the pattern of corrupt activity exceeds Five Hundred Dollars ($500.00) in violation of the Ohio Revised Code, Title 29 Section2923.32(A)(1), and against the peace and dignity of the State of Ohio." Roberson was also indicted on three counts of trafficking marijuana in violation of R.C. 2925.03(A), each with a school zone specification. The state subsequently identified and utilized additional unindicted charges of trafficking and a charge of possessing an excess of one thousand grams of marijuana as predicate offenses. Roberson maintains that he should have been specifically notified of such charges as predicate offenses within the indictment.
 {¶ 13} In State v. Adkins, we noted that the presence of the requisite number of predicate offenses comprising the pattern of corrupt activity was an essential element of R.C. 2923.32(A)(1) offenses.[4]
Concomitantly, the Second Appellate District has determined that, "[a]s the state must rely on predicate acts to show a pattern under the corrupt activities statute, it must include notice of the acts sought to be proven in the indictment. Due process requires that an accused have notice of what acts the state will seek to prove to support a conviction."[5]
In those cases where unindicted offenses are utilized, identification of the predicate acts in the indictment provides a modicum of assurance that the defendant was indicted on the same essential facts on which he was tried and convicted.[6] Applying the foregoing principles, we concluded in State v. Siferd that where a defendant is required to defend himself against additional unindicted predicate offenses, he should be notified of such by identification of those charges within the indictment.[7]
 {¶ 14} As to defective indictments, Crim.R.7(D) provides, in pertinent part: "The court may at any time before, during, or after atrial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Interpreting the foregoing language, the Ohio Supreme Court held that "[a]n indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. (Crim.R. 7[D], construed and applied.)"[8]
 {¶ 15} In this instance, the bill of particulars and amended bill of particulars filed by the state were more specific in describing the conduct alleged in the indictment, namely violations of R.C. 2925.11(A) and 2925.03(A). The bill of particulars filed on July 13, 2001, gave Roberson nearly eleven months notice of those predicate offenses that the state intended to use to prove a pattern of corrupt activity. Furthermore, the trial court properly instructed the jury that "[i]ncidents of corrupt activity need not be brought by the State of Ohio by way of formal criminal charges. You may consider both unindicted and indicted incidents so long as you determine in accordance with these instructions that such incidents occurred beyond a reasonable doubt and the combined proceeds of this illegal activity exceeded $500." The court instructed the jury that they could consider Counts Two and Four of the indictment (trafficking in marijuana with a school zone specification) as incidents of corrupt activity as alleged in Count One. The court then outlined the unindicted crimes which the state alleged were predicate acts. Specifically, the court instructed on the elements of possession of marijuana in excess of one thousand grams, in violation of R.C.2925.11(A)/(C)(3)(d); and trafficking in marijuana, in violation of R.C.2925.03.
 {¶ 16} Roberson does not allege that the unindicted crimes which the state utilized as the predicate offenses, and sought to prove at trial, were switched or changed from those set forth in the original bill of particulars. The jury instructions at trial outlined the same unindicted offenses contained in the bill of particulars provided to the defendant nearly eleven months before trial. Thus, Roberson's argument that he did not have sufficient notice of the predicate acts to properly prepare a defense because the acts were not contained within the four corners of the indictment is untenable. Therefore, because the name or identity of the crime charged was not changed and Roberson received sufficient notice of what he must defend against, it cannot be said that Roberson was misled or prejudiced by the omission of such element from the indictment or that there was a failure of due process requiring reversal of defendant's conviction. Accordingly, we find any error in the omission of the predicate acts from the indictment to be harmless beyond a reasonable doubt.
 {¶ 17} Accordingly, Roberson's assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued the judgment of the Hancock County Common Pleas Court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] R.C. 2923.32(B)(1).
[2] (1999), 526 U.S. 813.
[3] Id. at 821 and 832.
[4] State v. Adkins (2000), 136 Ohio App.3d 765, 777.
[5] State v. Burkitt (l993), 89 Ohio App.3d 214, 224,624 N.E.2d 210.
[6] State v. Siferd (2002), 151 Ohio App.3d 103, 112-113,2002-Ohio-6801, at ¶ 23, citing Section 10, Article I, Ohio Constitution; Harris v. State (1932), 125 Ohio St. 257, 264.
[7] Id.
[8] State v. O'Brien (1987), 30 Ohio St.3d 122, paragraph two of the syllabus.