OPINION
{¶ 1} Defendant-appellant Lawrence E. Wilson appeals from an order dismissing his petition for post-conviction relief on the grounds that it was untimely. In July, 2006, Wilson filed a petition for post-conviction relief, contending that the original judgment entry is void ab initio and should be vacated. The crux of Wilson's petition is *Page 2 
that the original indictment is defective, divesting the trial court of subject-matter jurisdiction over his case. The State contends that the trial court lacked jurisdiction to hear the petition because of its untimeliness. The trial court agreed with the State and dismissed Wilson's petition.
 {¶ 2} We conclude that the trial court was correct in dismissing Wilson's petition due to its untimeliness. In addition, we also conclude that the underlying indictment was not defective. Accordingly, the order of the trial court is Affirmed.
 I {¶ 3} In 1997, Wilson was charged and convicted of the rape of a child under the age of thirteen and subsequently sentenced to prison for a term of nine to twenty-five years. In May, 2000, Wilson filed his first post-conviction petition, which was denied in September of 2000. In July, 2002, Wilson filed a second, unsuccessful post-conviction petition.
 {¶ 4} In this, his third post-conviction petition, Wilson contends that the trial court lacked subject-matter jurisdiction over his trial because of a defective indictment. Wilson argues that the indictment neither complied with the Ohio Rules of Criminal Procedure nor properly described the prohibited sexual conduct with which he was charged. Consequently, it is his position that the original judgment entry should be vacated.
 {¶ 5} The State, in opposition to this post-conviction petition, argued it should be dismissed because the court did not have jurisdiction to hear the petition because of its untimeliness pursuant to R.C. 2953.21 and R.C. 2953.23. These statues establish the *Page 3 
time period within which a post-conviction proceeding may be instituted in order for a court to have jurisdiction to hear it. The trial court agreed with the State and entered its order granting the motion to dismiss. Wilson appeals from this order.
 II {¶ 6} Wilson's First Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHERE THE COURT LACKED SUBJECT-MATTER JURISDICTION."
 {¶ 8} Under this assignment of error, Wilson argues that the trial court lacked subject-matter jurisdiction over this criminal cause of action. Prior to addressing the merits of Wilson's petition, we must first determine whether the trial court had jurisdiction to hold a hearing on the petition. "Post-conviction petitions are not appeals, they are instead a collateral civil attack on the judgment." State v.Harden (October 21, 2005), Montgomery App. No. 20803, 2005-Ohio-5580 at _ 7. The only rights given to a defendant petitioning for post-conviction relief are those granted by statute. State v.Calhoun (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 909. The applicable statutes governing post-conviction petitions are R.C. 2953.21
et seq. Id. Wilson will receive only those rights granted to him under these statutes.
 {¶ 9} Under R.C. 2953.21 (A) (2) a petition for post-conviction relief must be filed
 {¶ 10} "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken . . . the petition shall be filed no later than one hundred eighty *Page 4 
days after the expiration of the time for filing an appeal."
 {¶ 11} Successive or untimely petitions may be heard only if certain requirements are satisfied. This petition was the third filed by Wilson, and is therefore required to satisfy the elements under R.C. 2953.23 (A) before the trial court has jurisdiction to hold a hearing on its merits. R.C. 2953.23 (A) states:
 {¶ 12} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain . . . a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A) (1) or (2) of this section applies:
 {¶ 13} "(1) Both of the following apply:
 {¶ 14} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A) (2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. . ."
 {¶ 16} Wilson was not unavoidably prevented from discovering that the indictment was defective. The indictment was made available to him prior to trial and any defect it may have contained was discoverable well within the proscribed time for filing his initial post-conviction petition. Additionally, Wilson fails to assert a claim based on the *Page 5 
recognition by the United States Supreme Court of a new federal or state right that applies retroactively to a person in his situation. Finally, nowhere within the record does Wilson show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of rape. For these reasons, the trial court lacked jurisdiction to entertain Wilson's petition under R.C. 2953.23 (A) (1).
 {¶ 17} R.C. 2953.23 (A) (2) is inapplicable because it only applies in instances where DNA testing is admitted into evidence against the petitioner. Nothing within the record suggests that DNA evidence was used here. As a result, the trial court lacked jurisdiction to hear Wilson's untimely or successive post-conviction petition under R.C.2953.23 (A) (2).
 {¶ 18} Wilson's First Assignment of Error is Overruled.
 III {¶ 19} Wilson's Second Assignment of Error is as follows:
 {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DETERMINE WHETHER SUBJECT MATTER JURISDICTION HAD BEEN OBTAINED."
 {¶ 21} Under this assignment of error, Wilson contends the trial court erred by dismissing his post-conviction petition based on its untimeliness, as opposed to making a determination on its merits, most namely whether subject-matter jurisdiction had vested in the original trial court.
 {¶ 22} Wilson argues that a defective indictment divested the trial court of subject-matter jurisdiction over his trial, and that lack of subject-matter jurisdiction may *Page 6 
be raised at any time. For purposes of analysis, we will assume, without deciding, that an otherwise untimely petition for post-conviction relief may be used as a vehicle to challenge a criminal conviction and sentence upon the grounds of lack of subject-matter jurisdiction.
 {¶ 23} The validity of an accused's conviction is dependent on the jurisdiction of the trial court. Dowell v. Maxwell (1963),174 Ohio St. 289, 290, 189 N.E.2d 95. The jurisdiction of a court vests by the return of a valid indictment. Id.
 {¶ 24} Wilson's first challenge to the indictment is that it is neither endorsed as a "True Bill" nor certified by a Foreman or Deputy Foreman of the grand jury as is required under the Ohio Rules of Criminal Procedure. In order for the issuance of a valid indictment, the Foreman or Deputy Foreman of the Grand Jury must sign it. Crim. R. 6 (C) and (F). Wilson contends that the indictment is defective because it does not contain this necessary signature, causing the trial court to lack subject-matter jurisdiction in this case. An examination of the indictment reveals the signature of the grand jury foreman conspicuously placed below the charges. Therefore, Wilson's first challenge to the validity of the indictment lacks merit.
 {¶ 25} Wilson next contends the indictment is defective because it does not include an essential element of the charges, namely because he did not know what conduct gave rise to the charges against him. According to Wilson, this defect took away any opportunity he had to put forth an adequate defense. In Ohio, if a vital and material element of an offense is missing, an indictment will be defective, and cannot be cured by the trial court. State v. Hoke (Aug. 6, 1991), Montgomery App. No. 12277, 1991 WL 227615, citing Harris v. State, (1932),125 Ohio St. 257, 181 N.E. 104. As a *Page 7 
general rule, an indictment contains all the essential elements when it states an offense in the language of the applicable statute. State v.Smith (Aug. 9, 2002), Clark App. No. 2001-CA-98, 2002-Ohio-4118 at _ 15.
 {¶ 26} Despite Wilson's contention that he was unaware of the specific prohibited sexual act, the indictment states the offenses in the explicit language used within the applicable statutes, namely rape and gross sexual imposition. See, R.C. 2907.02 (A) (1) (b); R.C. 2907.05 (A) (4). Wilson acknowledges that the language within the indictment was taken from the statutes when he argues it is defective because it merely uses "bare-bone blanket language taken from the Ohio statute." Appellant's Reply Brief, pg. 3. Therefore, the indictment includes all the essential elements necessary to inform Wilson of the specific conduct that brought rise to the charges against him. Of course, a defendant may request a bill of particulars in order to ascertain more specifically the conduct of which he is accused.
 {¶ 27} Wilson's declarations regarding the defectiveness of the indictment based on its lack of required signatures or its failure to include the specific prohibited sexual acts are erroneous. The indictment is valid because it includes the signature of the grand jury foreman and uses the language of the applicable statutes. For these reasons, we hold the indictment is valid.
 {¶ 28} Because we conclude that the indictment in this case is not defective, we need not address the issue of whether the defects, as alleged, would have affected the trial court's subject-matter jurisdiction.
 {¶ 29} Wilson's Second Assignment of Error is overruled. *Page 8 
 IV {¶ 30} Both of Wilson's assignments of error having been overruled, the order of the trial court denying his petition for post-conviction relief is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1