OPINION
{¶ 1} Defendant, Harry Lee Whited, appeals from his convictions for Grand Theft, R.C. 2913.02(A)(2) and (B)(5), and for Unauthorized Use of a Motor Vehicle, R.C. 2913.03(B). The convictions were entered on guilty verdicts returned by a jury. Defendant was sentenced to serve concurrent terms of incarceration of eighteen months for the Grand Theft and twelve months for the Unauthorized Use of a Motor Vehicle offense. He filed a timely notice of appeal
 FIRST ASSIGNMENT OF ERROR {¶ 2} "THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING DEFENDANT GUILTY AND SENTENCING HIM FOR BOTH UNAUTHORIZED USE OF A MOTOR VEHICLE AND GRAND THEFT OF A MOTOR VEHICLE AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 3} R.C. 2941.25(A) states: "Where the same conduct by (the) defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The merger that R.C. 2941.25(A) requires avoids a double-jeopardy challenge.
 {¶ 4} Unauthorized Use of a Motor Vehicle, R.C. 2913.03(B), is a felony of the fifth degree. Grand Theft, R.C. 2913.02(A)(2) and (B)(5), is a felony of the fourth degree. We have held that Unauthorized Use of a Motor Vehicle is a lesser-included offense of Grand Theft when the article stolen is a motor vehicle. State v. Smead (Feb. 7, 1989), Montgomery App. No. 10922.
 {¶ 5} State v. Deem (1988), 40 Ohio St.2d 205, prescribes three alternative tests to determine whether one offense is a lesser-included offense of another. Those tests each correspond to the test for double jeopardy in Blockburger v. United States (1932), 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306.
 {¶ 6} Ohio has rejected the Blockburger test as a basis to determine whether two offenses are allied offenses of similar import for purposes of R.C. 2941.25(A). State v. Rance (1999), 5 Ohio St.3d 632. Therefore, the mere fact that one offense is a lesser-included offense of another does not require a finding that the two are allied offenses of similar import, and therefore subject to the merger requirements of R.C.2941.25(A).
 {¶ 7} Per Rance, in order to determine whether two offenses are allied offenses of similar import they must be compared in the abstract and without consideration of how a defendant's conduct violates either or both. If, when compared in the abstract and with respect to the particular elements of each, commission of one crime will result in commission of the other, they are allied offenses of similar import. Convictions for both must be merged pursuant to R.C. 2941.25(A) unless, in the particular case, the defendant committed them separately or with a separate animus. Id.
 {¶ 8} The State concedes that the offense of Grand Theft of an automobile and Unauthorized Use of a Motor Vehicle of which Defendant was convicted result from the same conduct. It does not claim that the two involved separate animuses. However, comparing the element of the two offenses, they do not correspond.
 {¶ 9} Grand Theft, R.C. 2913.02(A)(2), requires proof of a purpose to deprive an owner of property. Unauthorized Use of a Motor Vehicle, R.C. 2913.03(B), does not. Therefore, they are not allied offenses of similar import, and the trial court was not required to merge the Defendant's convictions for both.
 {¶ 10} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM PENALTIES ON BOTH COUNTS WITHOUT MAKING ANY FINDINGS OF SERIOUSNESS OR RECIDIVISM PURSUANT TO THE OHIO REVISED CODE SECTION2929.13."
 {¶ 12} Theft, in violation of R.C. 2913.02(A)(2) and (B)(5) is a felony of the fourth degree when the property stolen is worth more than five thousand dollars. R.C. 2913.02(B)(2). It is then Grand Theft. Defendant was sentenced to eighteen months incarceration on his conviction for Grand Theft.
 {¶ 13} Unauthorized Use of a Motor Vehicle, in violation of R.C.2913.03(B), is a felony of the fifth degree. Defendant was sentenced to twelve months incarceration on his conviction for Unauthorized Use, to run concurrently with the eighteen months sentence imposed for the Grand Theft conviction.
 {¶ 14} The basic prison term prescribed for felonies of the fourth and fifth degrees are definite monthly terms ranging from a minimum term of imprisonment of six months to a maximum term of eighteen months. R.C.2929.14(A)(4). The court must impose a community control sanction instead of incarceration unless it finds (1) that the offender is not amendable to community control, (2) that after considering the factors in R.C.2929.12 a prison term is consistent with the statutory purposes and principles of sentencing, and (3) that one or more of the factors in R.C.2929.13(B)(1)(a)-(i) exist with respect to the offender or offense. See R.C. 2929.13(B)(2)(a).
 {¶ 15} In its judgment of conviction that was journalized on October 22, 2002, the court found that Defendant is not amenable to community control; that in his case, and after weighing the seriousness and recidivism factors prescribed by R.C. 2929.12, imprisonment is consistent with the purposes and principles of sentencing; and, that Defendant had served a prior prison term. The latter is a factor which R.C. 2929.13(B)(1) sets out, at paragraph (g). Therefore, the court was authorized to sentence Defendant to one of the available basic terms for each of his convictions instead of imposing a community control sanction.
 {¶ 16} Defendant was sentenced to the maximum available terms of imprisonment for each of his two offenses. The court may impose the maximum term for a felony offense "only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes," and upon certain major drug offenders and repeat violent offenders. R.C. 2929.14(C). The court's sentencing entry must "record a finding that (a defendant) fits within one of the categories of offenders in R.C. 2929.14(C)." State v.Edmonson (1999), 84 Ohio St.3d 324, 326. It would appear that the court must make a like pronouncement, orally, at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 461, 2003-Ohio-4165.
 {¶ 17} In its judgment entry of conviction, the trial court recited four findings of fact with respect to the seriousness of Defendant's conduct that would preponderate in favor of the specific finding required by R.C. 2929.14(C), that his conduct was more serious instead of less serious, in order to impose a maximum sentence of incarceration. The court made four other findings of fact relevant to recidivism, and those findings might support the specific finding required by R.C. 2929.14(C), that Defendant is more likely rather than less likely of committing future crimes, in order to impose a maximum sentence of incarceration. The sentencing entry fails to contain either specific finding. Therefore, per Edmonson, the trial court erred when it imposed maximum sentences.
 {¶ 18} Defendant's second assignment of error is sustained.
Conclusion
 {¶ 19} Having sustained the second assignment of error, we will reverse the sentences the trial court imposed and remand for re-sentencing for each of Defendant's two convictions.
WOLFF, J. and YOUNG, J., concur.