JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James O'Neil, pled guilty to a three-count indictment, which, as amended pursuant to his plea agreement with the State, charged him with one count of aggravated vehicular assault, in violation of R.C. 2903.08 (count one); one count of failure to comply with an order of a police officer to stop, causing a substantial risk of serious physical harm to persons or property, in violation of R.C. 2921.331
(count two); and one count of driving under the influence of alcohol, with three prior offenses of the same nature in the preceding six years, in violation of R.C. 4511.19 (count three).
 {¶ 2} At sentencing, after hearing about the impact of this matter upon the victim, the trial court disregarded a joint recommendation that it impose a total four-year prison sentence and a ten-year license suspension, and instead, imposed a four-year term of imprisonment on each of counts one and two, and a 12-month term of imprisonment on count three, with all terms to run consecutively to each other, for a total of nine years incarceration. The trial court further ordered a lifetime driver's license suspension and informed appellant that upon release from prison, he would be subject to five years of post-release control. This appeal followed.
1. Double Jeopardy
 {¶ 3} In his first assignment of error, appellant contends that the trial court improperly sentenced him on both count one and count three. He contends that driving under the influence of alcohol (count three) is a lesser included offense of aggravated vehicular assault (count one) and, therefore, he could only be convicted of one offense. Appellant contends that the double jeopardy clause of the United States and Ohio Constitutions protects an accused from multiple punishments when one offense is the lesser included of the other.
 {¶ 4} The double jeopardy clause is a guarantee against being twice put to trial for the same offense. State v. Thomas (1980),61 Ohio St.2d 254, 258. The clause "not only protects the accused from what is generally thought of as the double jeopardy situation — multiple prosecutions for the same offense — but also protects the accused from multiple punishments for the same offense." Id., citing North Carolinav. Pearce (1969), 395 U.S. 711, 717; Brown v. Ohio (1977), 432, U.S. 161.
 {¶ 5} This case does not involve the successive prosecution branch of the double jeopardy clause. Instead, appellant objects to cumulative punishments imposed in a single trial for convictions of two separate offenses that he claims constitute the same offense for double jeopardy purposes.
 {¶ 6} In Blockburger v. United States (1932), 284 U.S. 299, the United States Supreme Court set forth the test for determining whether two statutory provisions are sufficiently distinguishable to permit the infliction of multiple punishments:
 {¶ 7} "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Under this test, the double jeopardy clause would generally forbid successive prosecutions and multiple punishments for a greater and lesser included offense. Thomas, supra, at 259. Appellant argues that pursuant to Blockburger, driving under the influence is a lesser included offense of aggravated vehicular assault and, therefore, he can only be sentenced on one of the offenses.
 {¶ 8} The Ohio Supreme Court has rejected the Blockburger test, however, for determining whether cumulative punishments may be imposed for crimes that arise from a single criminal act. In State v. Rance
(1999), 85 Ohio St.3d 632, the Supreme Court noted that "a legislature * * * may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under Blockburger without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution." Id. at 635, citing Albernaz v. United States
(1981), 450 U.S. 333, 344. The Supreme Court stated, "where a legislature expresses its intent to permit cumulative punishments for such crimes, the Blockburger test must yield." Id.
 {¶ 9} Continuing, the Supreme Court found in Rance that the legislature expressed its intent in R.C. 2941.25, Ohio's multiple-count statute, to permit, in appropriate cases, cumulative punishments for the same conduct.[1] Id. at 639. Therefore, the Court stated:
 {¶ 10} "In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. * * * The sole question, then, is one of state statutory construction: are the offenses at issue those certain offenses for which the General Assembly has approved multiple convictions pursuant to R.C. 2941.25?" Id.
 {¶ 11} Pursuant to Rance, under an R.C. 2941.25(A) analysis, courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other.'" Rance, supra, at 638, quoting State v. Jones (1997),78 Ohio St.3d 12. If the elements do not correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. If the elements do correspond, the defendant may not be convicted of both crimes unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. Under this analysis, the fact that one offense is a lesser included offense of another does not require a finding that the two are allied offenses of similar import and therefore subject to the merger requirements of R.C. 2941.25(A). State v. Whited, Champaign App. No. 02CA38, 2003-Ohio-5747, at ¶ 6.
 {¶ 12} R.C. 2903.08, regarding aggravated vehicular assault, provides:
 {¶ 13} "(A) No person, while operating * * * a motor vehicle * * * shall cause serious physical harm to another person * * *.
 {¶ 14} "(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code * * *;
 {¶ 15} "* * *
 {¶ 16} "(2)(b) Recklessly.
 {¶ 17} R.C. 4511.19, regarding driving while under the influence of alcohol or drugs, provides that "(A)(1) No person shall operate any vehicle * * * within this state, if, at the time of the operation * * * (a) the person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 18} Considering the statutory elements of these offenses in the abstract, without reference to appellant's conduct in this matter, it is apparent that an individual could drive while under the influence of alcohol or drugs in violation of R.C. 4511.19 without causing serious physical harm to another person. Likewise, one could drive recklessly, without being under the influence of drugs or alcohol, and injure someone. Accordingly, the elements of driving under the influence of alcohol do not correspond with the elements of aggravated vehicular assault to such a degree that the commission of one will result in the commission of the other and, therefore, they are not allied offenses of similar import. In light of this finding, we need not consider whether appellant committed the crimes with separate animus.
 {¶ 19} Because the offenses at issue are not allied offenses of similar import, the trial court did not err in sentencing appellant on both counts.
 {¶ 20} Appellant's first assignment of error is overruled.
2. Sentencing On Count Two
 {¶ 21} In his second assignment of error, appellant contends that the trial court erred in sentencing him on count two (failure to comply with an order of a police officer to stop) because it failed to consider the statutory criteria found in R.C. 2921.331(C)(5)(b) in sentencing him. We agree that the trial court erred in sentencing appellant regarding this count, but for a reason different than that raised by appellant.
 {¶ 22} In count two of the indictment, appellant was charged with failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331.
 {¶ 23} R.C. 2921.331, in pertinent part, states:
 {¶ 24} "(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
 {¶ 25} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 26} "* * *
 {¶ 27} "(C)(2) A violation of division (A) of this section is a misdemeanor of the first degree.
 {¶ 28} "* * *
 {¶ 29} "(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 30} "* * *
 {¶ 31} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
 {¶ 32} "* * *
 {¶ 33} "(D) If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 34} Count two of the indictment charged appellant as follows:
 {¶ 35} "The Grand Jurors, on their oaths, further find that the Defendant unlawfully did fail to comply with a lawful order or direction of a police officer invested with authority to direct, control or regulate traffic.
 {¶ 36} "FURTHERMORE, the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 37} Thus, appellant was indicted for violating R.C. 2921.331(A), with a furthermore clause alleging violation of R.C. 2921.331(C)(5)(a) added.
 {¶ 38} As the statute makes clear, however, R.C. 2921.331(C)(5)(a) applies only to violations of R.C. 2921.331(B). Here, the indictment charged appellant with violating R.C. 2921.331(A), and therefore, R.C.2921.331(5)(a), which enhances a violation of R.C. 2921.331(B) to a third degree felony upon certain findings by the fact finder, was not applicable.
 {¶ 39} Pursuant to Crim.R. 52(B), "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error is an obvious error or defect in the trial court proceeding which affects a substantial right. State v.Moreland (1990), 50 Ohio St.3d 58, 62. The plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 95. We find this to be such an exceptional case.
 {¶ 40} The record reflects that the trial judge accepted appellant's guilty plea to count two as a plea to a third degree felony and she subsequently sentenced him to four years incarceration on that count, to be served consecutively to four years on count one and 12 months on count three. A violation of R.C. 2921.331(A), however, is a first degree misdemeanor punishable by not more than six months incarceration and not more than a $1000 fine. Accordingly, appellant's substantial rights are clearly affected.
 {¶ 41} Therefore, because the furthermore clause in count two of the indictment is not applicable to violations of R.C. 2921.331(A), with which appellant was charged, the clause is ordered stricken from the indictment as surplusage pursuant to Crim.R. 7(C). Because appellant was charged with and pleaded guilty to a violation of R.C. 2921.331(A), a first degree misdemeanor punishable by a maximum of six months incarceration, the trial court erred in sentencing him to four years incarceration on this count. Moreover, because a sentence of imprisonment for a misdemeanor shall be served concurrently with a sentence of imprisonment for a felony (see R.C. 2929.41(A)), the trial court also erred in ordering that appellant's sentence on count two be served consecutive to his sentences on counts one and three.
 {¶ 42} In light of these errors, we vacate appellant's sentence and remand for resentencing.
 {¶ 43} Appellant's second assignment of error is sustained.
3. Sentencing On Count Three
 {¶ 44} In his third assignment of error, appellant contends that the trial court erred in sentencing him on count three because the court failed to make findings consistent with R.C. 2929.11, 2929.12, and 2929.13, with accompanying reasons for its findings pursuant to R.C. 2929.19.
 {¶ 45} Once again, we find plain error in sentencing but for reasons other than those raised by appellant.
 {¶ 46} In count three, appellant pleaded guilty to driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), with a specification that he had three prior offenses of the same nature within the past six years, a specification that made the offense a felony of the fourth degree. See R.C. 4511.19(G)(1)(d).[2]
 {¶ 47} Count three of the indictment, however, did not contain a specification charging appellant with any prior convictions of driving under the influence of alcohol or drugs. Rather, it charged appellant solely with driving under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor.
 {¶ 48} In State v. Allen (1987), 29 Ohio St.3d 53, 55, the Supreme Court of Ohio held that "where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." Conversely, where the fact of a prior conviction transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be alleged and proved by the State. Id. at 54. Therefore, pursuant to Allen, because appellant's three prior convictions changed the crime from a first degree misdemeanor to a fourth degree felony, they were an essential element of the crime and should have been alleged in the indictment.
 {¶ 49} It is axiomatic that a defendant cannot be found guilty of or plead guilty to specifications which enhance the sentence unless the indictment carries the specifications. State v. Gough (Sept. 23, 1992), 5th Dist. No. 92-CA-34. See, also, State v. Witwer (1992),64 Ohio St.3d 421 ("As is the case with all specifications, the specification * * * must be included in the indictment * * * in order for the particular [sentencing] consequences arising therefrom to occur.") Here, because the indictment did not contain any specification regarding appellant's prior offenses, appellant could not plead guilty to an enhanced sentence.
 {¶ 50} We recognize that pursuant to appellant's plea agreement with the State, the trial court amended count three to add the specification regarding appellant's three prior convictions and appellant then pled guilty to count three as amended. Under the facts of this case, however, we do not find the amendment effective.
 {¶ 51} "The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury." State v. Wozniak (1961),172 Ohio St. 517, 521, quoting Harris v. State (1932), 125 Ohio St. 257,264.
 {¶ 52} Here, the trial court's amendment added an element that the State was required to prove to obtain a conviction for a fourth degree misdemeanor, without presenting the specification to the grand jury or obtaining an information. The State may not circumvent the grand jury process in this fashion.
 {¶ 53} Moreover, although whether appellant suffered prejudice as a result of the amendment is not dispositive of the issue, it is apparent that appellant was prejudiced by the amendment to the indictment. The record reflects that rather than sentencing appellant on a first degree misdemeanor as indicted, the trial court amended the indictment to elevate the offense to a fourth degree felony, and then sentenced him accordingly. There is no indication that the sentences on counts one and two were reduced in exchange for the amendment.
 {¶ 54} Because the purported amendment to count three of the indictment was ineffective, we hold that appellant pled guilty on count three to a first degree misdemeanor, as indicted, and, therefore, the trial court erred in sentencing him on this count as if it were a fourth degree misdemeanor. Accordingly, we vacate appellant's sentence and remand for resentencing.
 {¶ 55} Appellant's third assignment of error is sustained.
 {¶ 56} In light of our resolution of assignments of error two and three, appellant's remaining assignments of error, all of which allege various sentencing errors, are moot and therefore we need not consider them.
Conviction affirmed as modified; remanded for resentencing.
It is ordered that the parties split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Celebrezze, Jr., J., concur.
[1] R.C. 2941.25 provides:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
[2] The version of the statute in effect in September 2002 at the time of the offense contained this provision in R.C. 4511.99(4)(a)(i).