JOURNAL ENTRY AND OPINION
{¶ 1} Dwayne Wilson ("Wilson") appeals his classification as a sexual predator. Wilson argues that there is insufficient evidence to demonstrate a likelihood that he would engage in sexually oriented offenses in the future. For the following reasons, we affirm the trial court's classification.
 {¶ 2} On August 5, 2004, a Cuyahoga County grand jury indicted Wilson with four counts of rape, one count of kidnapping, one count of tampering with evidence, and two counts of endangering children. Each count of rape contained a sexually violent predator specification and a repeat violent offender specification. The charge of kidnapping contained a sexual motivation specification and a sexually violent predator specification. The charges stemmed from criminal activities between Wilson and a fourteen-year-old female victim.
 {¶ 3} On March 14, 2005, Wilson pleaded guilty to one count of rape without the attendant specifications and tampering with evidence. In exchange for his plea, the State of Ohio dismissed the remaining charges. The trial court immediately proceeded to sentencing and ordered Wilson to serve four years in prison.
 {¶ 4} The trial court referred Wilson to the court psychiatric clinic for a sexual predator evaluation report. On April 28, 2005, the trial court conducted a sexual offender classification hearing pursuant to R.C. 2950.09(B)(1). After hearing from the state and Wilson's attorney, the trial court classified Wilson as a sexual predator and informed him of his registration duties. Appealing the classification, Wilson raises the following single assignment of error:
"The trial court erred in classifying defendant-appellant as a sexual predator in that there was insufficient evidence to prove `clearly and convincingly' that defendant-appellant was likely to engage in sexually oriented offenses in the future."
 {¶ 5} This assignment of error lacks merit.
 {¶ 6} When declaring an individual a sexual predator, the trial court must find, by clear and convincing evidence, that the individual has committed a sexually oriented offense and that he is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247. In making this determination, the trial court is to consider all relevant factors, including those specifically listed in R.C. 2950.09(B)(3). State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288.
 {¶ 7} When an individual challenges the sufficiency of the evidence, we must determine whether the evidence satisfies the threshold necessary to support a finding by clear and convincing evidence. State v. Taylor, Cuyahoga App. No. 79475, 2002-Ohio-1554. Under this standard, we review the evidence in the light most favorable to the state to determine whether any rational factfinder could have concluded, by clear and convincing evidence, that Wilson was likely to commit future sexual offenses. State v. Padgett, Cuyahoga App. No. 83162,2004-Ohio-2159, at 6.
"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 8} In the case at hand, Wilson pleaded guilty to one count of rape and one count of tampering with evidence. The evidence gathered during the investigation of this crime reveals that Wilson raped a fourteen-year-old female victim. Wilson was forty-four years old at the time of this offense.
 {¶ 9} At the H.B. 180 hearing, the state presented evidence of Wilson's Static-99 score, placing him in the medium to high-risk category of reoffending. The state also presented evidence regarding the factors contained in R.C. 2950.09(B)(3). Specifically, Wilson's age at the time of the offense, the age of the victim, the thirty-year age gap between Wilson and his victim at the time of the offense, his prior record, including two prior convictions for gross sexual imposition, and that he gave the victim NyQuil and Aleve prior to the rape.
 {¶ 10} Wilson claims that the evidence presented does not support a sexual predator finding because he does not have a mental illness, there was only one victim, he does not have a substance abuse problem, he does not have deviant sexual interests, the victim was female, he has a good relationship with his mother, and he has stable relationships. Although these factors are relevant to the determination, it is reasonable to conclude that the trial court found that they did not outweigh the factors that aggravated his risk of reoffending.
 {¶ 11} In classifying Wilson as a sexual predator, the trial court reviewed the court psychiatric clinic report and the victim's statement to police. The trial court noted the following: the ages of both the victim and Wilson and the thirty-year age gap in between, that Wilson had given the victim both NyQuil and Aleve prior to the rape, Wilson's Static-99 score placing him in the medium to high risk of reoffending, Wilson's lengthy prior criminal history that included two convictions for gross sexual imposition, Wilson's previous classification under Ohio's sexual offender system, and, Wilson's admission that he had sexual addictions.
 {¶ 12} From the foregoing, it is evident that a rational factfinder could reasonably conclude based on clear and convincing evidence that Wilson was likely to commit future sex offenses.
 {¶ 13} Wilson's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Calabrese, Jr., J., concur.