OPINION
{¶ 1} Defendant-appellant, Clyde M. Sutton, Jr., appeals his sentence in the Butler County Court of Common Pleas on aggravated robbery with firearm and repeat violent offender specifications, and having weapons while under disability.
 {¶ 2} On May 24, 2006, appellant entered the Discount Tobacco store at 2564 Dixie Highway in Hamilton, carrying a handgun. Appellant put a bag on the counter, and ordered the clerk to put the cash from the register in the bag. Appellant then ordered the clerk to take him to the safe in the back of the store, and threatened to shoot her if she didn't open the *Page 2 
safe. The clerk opened the safe and gave appellant the lockboxes that were inside, along with keys to open the boxes. Appellant then ordered the clerk and the only other customer in the store to go to the back of the store. When they did so, appellant left the store.
 {¶ 3} Appellant was later arrested and charged with one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification in violation of R.C. 2941.145 and a repeat violent offender ("RVO") specification in violation of R.C. 2941.149, and having weapons while under disability in violation of R.C. 2923.13(A)(2). After a jury trial, appellant was convicted on all charges. Appellant requested to be sentenced immediately, and the trial court imposed a ten-year sentence of imprisonment on the aggravated robbery charge, a three-year term of imprisonment on the firearm specification, to be served consecutively, a ten-year term of imprisonment on the repeat violent offender specification to be served consecutively, and a five-year term of imprisonment on the weapons under disability conviction to be served concurrently. The trial court further ordered that appellant's sentences are to be served consecutively to sentences appellant had been ordered to serve in Ross County.
 {¶ 4} Appellant appeals his sentence, raising the following assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SERVICE OF APPELLANT'S SENTENCE IN THE CASE AT BAR WITH SENTENCES IMPOSED IN TWO OTHER CASES."
 {¶ 6} Appellant concedes that the sentence on his aggravated robbery conviction is mandatory pursuant to R.C. 2929.13(F), and that his sentences for the firearm and RVO specifications must be served consecutively to his sentence for aggravated robbery pursuant to R.C. 2929.14 and 2929.41. However, appellant argues that the trial court mistakenly believed that it was required to order the sentences in this case to be served consecutively to sentences imposed in Ross County for other offenses. *Page 3 
 {¶ 7} At appellant's sentencing hearing, the following transpired:
 {¶ 8} "Trial Court: The finding as to Count One to the aggravated robbery, I must find you — by law, I must find you * * * guilty, and I must sentence you to ten years in prison based on my finding that you are a repeat violent offender. As to the specification to count One, I must sentence you to prison for three years. That is a mandatory three-year [sentence on a] gun [specification]. And that will be consecutive to Count One * * * As to the second specification, I do find you to be a repeat violent offender. And I will sentence you to ten years in prison. And that will be consecutive to the gun specification.
 {¶ 9} "* * *
 {¶ 10} "Appellant's counsel: If I understand correctly, he is in prison now for two separate sentences [in Ross County]. The one is the life sentence. The other one would be the weapons under disability. And you've indicated in terms of the murder conviction that you are running it consecutive to that?
 {¶ 11} "Court: [The] sentence [will be served] consecutive to the two-year term on the weapons under disability.
 {¶ 12} "* * *
 {¶ 13} "State: I think that this mandatory sentence would have to be * * * consecutive.
 {¶ 14} "Court: Well, the RVO and gun [specifications] all have to be consecutive * * * and that is mandatory time. It's the Court's understanding if it is mandatory time, it can't be run concurrent to any other sentence because * * * it would be defeating the purpose of mandatory time.
 {¶ 15} "State: The problem is the [aggravated] robbery is also mandatory based upon the RVO [specification].
 {¶ 16} "Court: So the 23 years I've imposed will be consecutive to the sentence on the having weapons under disability in Ross County * * * and also to the parole revocation * * * *Page 4 
* * * [I]t is my intention based on my understanding [as to] what mandatory language means, [appellant] must [serve] mandatory time for this offense."
 {¶ 17} Recently, the Ohio Supreme Court decided State v. Johnson,116 Ohio St.3d 541, 2008-Ohio-69, ¶ 16-18, where it stated:
 {¶ 18} "[T]he plain language of R.C. 2929.13(F) requires the sentencing court to impose a prison term for certain serious offenses and limits that court's discretion to reduce that term pursuant to R.C. 2929.20 (judicial release), R.C. 2967.193 (deduction for participation in certain prison programs), or any other provision of R.C. Chapter 2967
or 5120 (pardon, parole, probation), except in certain enumerated circumstances. The word `consecutive' does not appear in the statute.
 {¶ 19} "As R.C. 2929.14(D) and (E) and 2929.41(B)(1) demonstrate, when the legislature intends a sentencing court to impose multiple sentences consecutively, it explicitly states that intention. However, while R.C. 2929.13(F) reveals the intent of the legislature that a sentencing court impose mandatory prison terms for the enumerated offenses, our review of that statute reveals no language demonstrating any legislative intent to require a sentencing court to impose those terms consecutively to each other or to any other sentence. * * *" (Emphasis added.)
 {¶ 20} "Instead, after the sentencing court imposes a separate prison term for each conviction, it may exercise its discretion to determine whether consecutive sentences are appropriate based upon the particular facts and circumstances of the case. * * *." (Emphasis added and internal citations omitted.)
 {¶ 21} According to the record, the trial court ordered appellant's sentences in this case to be served consecutively to the Ross County sentences based upon its mistaken belief that it was required to do so pursuant to R.C. 2929.13(F). Thus, the trial court did not exercise its discretion in determining whether the facts and circumstances of this case *Page 5 
warranted the imposition of consecutive prison terms. While appellant's sentences for the aggravated robbery conviction and the RVO and firearms specifications must be served consecutively to each other, the trial court had the discretion to determine whether consecutive service of the sentences in this case and the Ross County sentences is appropriate based upon the particular facts and circumstances of the case. SeeJohnson at ¶ 18; See, also, State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1242, ¶ 9; State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 22} Accordingly, appellant's assignment of error is sustained.
 {¶ 23} Having sustained appellant's assignment of error, we reverse the judgment of the trial court as to sentencing only, and we remand this matter for the trial court to resentence appellant according to law and consistent with this opinion.
 {¶ 24} Judgment reversed and remanded.
 YOUNG and POWELL, JJ., concur. *Page 1