{¶ 25} I respectfully dissent from the majority opinion's disposition of this appeal. I would affirm appellant's convictions, except for his convictions on counts eight and nine. In my view, appellant's first assignment of error lacks merit as it pertains to the penalty enhancements attached to counts in the indictment, since the record in this case reflects appellant neither directed his motions for acquittal toward them, nor had any reason to do so.
 {¶ 26} In State v. Allen (1987), 29 Ohio St.3d 53, the court held that a specification contained in an indictment that merely enhances the penalty for a crime is not an element of the offense. See, also,State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8; State v.Raymond, Franklin App. No. 08AP-78, 2008-Ohio-6814. Pursuant to R.C. 2929.13(F), a repeat violent offender specification ("RVO") and a notice of prior conviction ("NPC") serve to enhance the penalty for the underlying offense. State v. Barb, Cuyahoga App. No. 90768,2008-Ohio-5877, ¶ 16. *Page 11 
 {¶ 27} Thus, only when the degree of the offense itself is raised is the state required to prove the specification with proof beyond a reasonable doubt that the same person who committed the instant offense committed the prior offense. See, e.g., State v. McCalla, Cuyahoga App. No. 88825, 2008-Ohio-569; State v. Kovacic, Ashtabula App. No. 2002-A-0032, 2003-Ohio-5219; cf., State v. Ansley, Delaware App. Nos. 05CAA080050, 05CAA070045, 2006-Ohio-511.
 {¶ 28} Pursuant to R.C. 2945.75(B), the state may prove a prior conviction by submitting the judgment entry "together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar." Appellant in this case admitted prior to the commencement of trial that he had been convicted of attempted murder in 1982. He requested that the trial court determine his guilt on the RVOs and the NPC, along with counts eight and nine, in order to keep that fact from the jury. State v. Arnold (Jan. 4, 2002), Cuyahoga App. No. 79280; cf., State v. O'Neil, Cuyahoga App. No. 82717, 2005-Ohio-4999.
 {¶ 29} At the conclusion of trial, when the court determined appellant's guilt or innocence of the RVOs and the NPC, he never challenged the state's proof on this aspect of the indictment. If he had, the state could have been more circumspect with regard to presenting its proof. In my mind, to permit him to challenge the sufficiency of the evidence as to the penalty enhancements at this juncture is to find error that he invited. *Page 12 
 {¶ 30} Based upon the foregoing analysis, I conclude that the trial court properly convicted appellant of the specifications and could properly sentence him for them. Accordingly, I would overrule appellant's first assignment of error, except as to his convictions on counts eight and nine, and would proceed to his second assignment of error. He asserts therein that the trial court could not sentence him to an RVO enhancement because it did not sentence him to the maximum term for the underlying offenses.
 {¶ 31} This assertion has merit, but appellant would "get what he prays for," since, as the state correctly points out in its appellate brief, the trial court failed to comply with its mandatory duty pursuant to R.C. 2929.13 to impose the longest prison term on him for the underlying offense. Appellant's convictions on the RVO specifications limited the court's discretion and required the court to impose the longest term for appellant's convictions for felonious assault.State v. Sutton, Butler App. No. CA2007-09-215, 2008-Ohio-5839, citingState v. Johnson, 116 Ohio St.3d 541, 2008-Ohio-69.
 {¶ 32} Thus, he should have received an eight-year term, rather than a five-year term, for his convictions for a second-degree felony. Since the trial court failed to impose a sentence in compliance with its statutory duty, I would sustain appellant's second assignment of error.
 {¶ 33} In summary, I would affirm appellant's convictions on counts two, three, five, and six, including the RVOs and NPC; reverse his convictions on *Page 13 
counts eight and nine; vacate appellant's sentence; and remand for a resentencing hearing. *Page 1